Finding no prejudicial error in the record, the judgment is affirmed.

*Judgment affirmed.*

Ross, P. J., and MATTHEWS, J., concur.

UNITED STATES FIDELITY & GUARANTY CO. *v.* SAVOY GRILL, INC., ET AL.

(Decided February 26, 1936.)

*Messrs. Waters, Andress, Wise, Roetzel & Maxon,* for plaintiff in error.

*Messrs. Harris & Subrin,* for defendant in error Savoy Grill, Inc.

*Messrs. Naef & McIntosh,* for defendant in error The George J. Renner Property Company.

*Mr. Charles Sacks,* for defendant in error Matthew Wiseman, Admr.

WASHBURN, J.   On January 5, 1935, an action was commenced in the Court of Common Pleas of Summit county by Matthew Wiseman, administrator of the estate of Arthur Huebschman, deceased, against Savoy Grill, Inc., which, as lessee, occupied certain premises, and the George J. Renner Property Company, the owner and lessor of said premises, in which action said Wiseman, as administrator, sought to recover damages from said defendants for negligently causing the death of said decedent while on said premises.

Upon the summons being served upon Savoy Grill, Inc., in such action, Savoy Grill, Inc., forwarded the same to the United States Fidelity & Guaranty Company, with the request that it defend said action on behalf of Savoy Grill, Inc., as said insurance company had agreed to do in a policy of liability insurance issued by it to said Savoy Grill, Inc., "even if such suit is groundless, false or fraudulent."

On March 9, 1935, said United States Fidelity & Guaranty Company filed an application for a declaratory judgment under favor of Sections 12102-1 to 12102-16, inclusive, General Code, styling said application as a petition and making said Savoy Grill, Inc., the George J. Renner Property Company, and Matthew Wiseman, as administrator, parties defendant therein.

In said application various terms and conditions in said liability insurance policy were set forth, and facts were alleged which said insurance company claimed justified a finding that said insurance company was not obligated to pay any loss or expense on account

of claims or suits arising because of the death of said decedent, nor obligated to defend said suit brought by Wiseman, as administrator, against Savoy Grill, Inc., and prayed "that this court take jurisdiction in the premises under Section 12102-1 to 12105-16 of the General Code of Ohio and known as the 'uniform declaratory judgments act' and render a declaratory judgment, adjudging and decreeing" certain facts, and that its "aforementioned policy or contract does not cover any loss or expense on account of the claim and/or suit for the bodily injuries and death of" such decedent, and that it is not obligated to defend the suit against Savoy Grill, Inc., or "pay any judgment or claim for damages arising from the bodily injury and death of" the decedent.

The George J. Renner Property Company demurred to the application, on the ground that it did not state facts which show a cause of action.

Upon the hearing of the demurrer, the defendants appeared, and by briefs and oral argument set forth their objections to the court's taking jurisdiction and affording relief to the insurance company by way of a declaratory judgment; and the court announced that it would consider the matter as though like demurrers had been filed by the other defendants, and thereafter the court disposed of the case by sustaining the demurrers; and the insurance company not desiring to plead further, the court dismissed the application.

We are justified in the conclusion that in this case the court, in the exercise of its discretionary powers under the Declaratory Judgments Act, refused to enter a declaratory judgment assuming that the facts and situation were as set forth in the application, and the question is: Was the court justified in so doing?

A reading of the Declaratory Judgments Act in connection with the practice concerning such judgments which existed at the time said statute was enacted,

leads us to the conclusion that the act was primarily designed to supply deficiencies in legal procedure which existed before the enactment of the statute, and that its principal object and purpose was to provide a remedy in those situations where none existed because a controversy had not progressed to a point where there was a wrong to remedy or a right to enforce.

However, from a reading of the writings of one of the co-draftsmen of the uniform Declaratory Judgments Act, it is easy to reach the conclusion that he did not intend by such act to merely expressly authorize courts to exercise a power in situations where courts had either considered that no such power existed or had declined to exercise it, but that on the contrary he intended to provide an alternative remedy which might be pursued in the place of well-known and long-established remedies under the procedure of the ordinary form of action.

We are of the opinion that such a sweeping change in our laws was not intended by the legislature of Ohio in the enactment of Sections 12102-1 to 12102-16, inclusive, General Code. But if the language of the act is susceptible of such a construction, we are clearly of the opinion that it was not the intention of the legislature to *require* courts to afford a remedy under such "new procedural device or vehicle of relief" in all cases where sought, in preference to the well-known and long-established procedure of courts in this state.

The practice of courts entering declaratory judgments originated in other countries, and was at first confined to matters cognizable in equity in which the facts were undisputed; the courts of said countries, before the enactment of our uniform Declaratory Judgments Act, had extended the practice to matters of an equitable nature in which it was necessary to determine and declare disputed facts in order to deter-

mine whether a declaratory judgment should be entered.

Such extension of the practice in certain situations was undoubtedly intended to be provided for in our uniform Declaratory Judgments Act, and such act also possibly extends the practice to include legal controversies in which the parties are entitled to a jury trial of disputed facts; but in our judgment, where the parties are entitled to a jury trial, the affording of relief under the declaratory act is not mandatory. We find no indication on the part of the Legislature of an intention to negative or destroy the discretionary power of the court to refuse a declaration (as was the settled practice before the enactment of said law) if it can be made only after a judicial investigation of disputed facts which the parties are entitled to have determined by a jury.

Before the enactment of such law, we consider it to have been the established practice to refuse to entertain applications for declaratory judgments involving disputed facts where such facts were in issue in a pending action wherein they would again be the subject of judicial investigation, and where such declaratory judgment would possibly result in injustice to the party who had brought such prior action, and we find in said law no indication of an intention on the part of the Legislature to change such established practice.

Moreover, so far as Wiseman is concerned, he has no present controversy with the applicant for the declaratory judgment, and his having such controversy in the future depends upon an event which may never happen: he may not be successful in obtaining a judgment against Savoy Grill, Inc., in his pending action; and regardless of that contingency, he is not now and never will be interested in the controversy between Savoy Grill, Inc., and the insurance company as to whether the insurance company is bound by its con-

tract to defend the action which he (Wiseman) has brought against Savoy Grill, Inc. Here again it is the established rule that a declaration will not be made as to future rights in anticipation of an event which may never happen, and in our Declaratory Judgments Law, we find no evidence of an intention on the part of the Legislature to change or modify that rule. On the contrary, such rule is recognized in the provision with reference to a declaration which would not terminate the uncertainty or controversy, and the fully established interpretation of the law which requires the existence of an actual, rather than a probable or possible, controversy.

In the application for a declaratory judgment, the insurance company asked the court to declare and find (1) that the deceased, at the time he was killed, was an employee of Savoy Grill, Inc.; (2) that he met his death by certain means; (3) that the circumstances were such as to make Savoy Grill, Inc., liable for his death under the workmen's compensation law; (4) that the loss and expense caused by his death are not covered by its insurance policy with Savoy Grill, Inc.; and (5) that it is not obligated by said policy to defend on behalf of Savoy Grill, Inc., the action begun by Wiseman.

With the exception of the last two questions, all of said questions may be determined in the pending Wiseman suit, according to the procedure and in the manner long recognized and established. We hold that the Common Pleas Court very wisely and quite properly exercised its discretion not to entertain the declaratory judgment application, under the circumstances presented by this record, and that it would have been an abuse of discretion to have granted the application in this case.

*Judgment affirmed.*

FUNK, P. J., and STEVENS, J., concur in judgment.