Hillsborough,  }
Nov. 4, 1936.  }

### ANNIE F. CHASE

*v.*

### SECOND NATIONAL BANK OF NASHUA.

*Robert J. Doyle* and *Edward J. Lampron* (*Mr. Lampron* orally), for the plaintiff.

*Ivory C. Eaton* (by brief and orally), for the defendant.

BRANCH, J. The plaintiff has mistaken her remedy. It is unnecessary for her to invoke the declaratory judgment act (Laws 1929, c. 86) in order to secure a determination of her rights. *Reynolds* v. *Chase*, 87 N. H. 227, 229, and cases cited. The proper procedure would be by bill in equity, as in *Allen* v. *Company*, 211 Mass. 409. No objection to the form of the petition has been raised, however, and since the pleadings may be amended upon motion, the question transferred by the Superior Court has been considered.

It was repeatedly asserted by counsel for the defendant during the argument, that its liability should be tested by inquiring: "Whose money did Douglas steal?" If he embezzled the money of his *cestui que trust*, it was insisted that the bank should be exonerated from

liability. If he took the money of the bank it was conceded that the theft could not be charged against the trust account.

The case is not so simple as this. Even if it appeared that the plaintiff's money was embezzled, we should still have to consider the application of the principle that "a banker who knows that a fund on deposit with him is a trust fund, cannot appropriate that fund for his private benefit, or where charged with notice of the conversion join in assisting others to appropriate it for their private benefit, without being liable to refund the money if the appropriation is a breach of the trust." *Allen* v. *Company*, 211 Mass. 409, 422, and note to the same case in L. R. A. 1915C, 519; *Bischoff* v. *Bank*, 218 N. Y. 106; *Knobley &c. Co.* v. *Bank*, 99 W. Va. 438 and note to that case in 48 A. L. R. 464.

The application of this principle would, in turn, involve a consideration of the difficult question,—When is a principal chargeable with the knowledge of a fraudulent agent? See 2 Mechem, Agency, (2d *ed.*) *s*. 1825; American Law Institute Restatement of Agency, *s*. 282.

If, on the other hand, the money embezzled was that of the bank, the liability of the defendant would be clear and this is the situation disclosed by the record. It is found that prior to March 3, 1934, Douglas resigned as assistant cashier of the bank and also as trustee for the plaintiff, and further that "at about that time" he was "arrested and convicted of embezzlement of funds of said bank." When he resigned as trustee, the withdrawals in question had not been entered upon the pass book as required by the rules of the bank. These facts, together with the other findings of the court, demonstrate that the money which Douglas embezzled belonged to the bank and not to the plaintiff.

According to the rules of the bank, money could not be withdrawn by a depositor except on presentation of the pass book and entry therein of the withdrawal. The intended result of this rule was that the pass book should, at all times, evidence the amount of the deposit, a purpose which is reinforced and sanctioned by Public Laws, *c*. 261, *ss*. 30-39, which provide for a quadrennial verification of deposit books in savings banks. There is nothing in the record to justify a conclusion that Douglas had either express or implied authority to waive the above rule for the purpose of facilitating his fraudulent scheme, and no question of apparent authority with reference to third persons is presented. Since the deposit in question could lawfully be withdrawn only in the prescribed manner and upon the making of the prescribed record, it follows that, unless these requirements were

fulfilled, there was no withdrawal. Hence, when Douglas took possession of the funds in question, he embezzled the money of the bank and not that of the plaintiff. The execution of the withdrawal cards by Douglas and his entries on the bank's record card must be regarded merely as book-keeping entries made by him in order to conceal his thefts. Having no power to withdraw except upon entry of the withdrawal upon the pass book, Douglas took the money, not as a depositor, but as an embezzler from the bank. The money which he took belonged to the bank, even though he may have thought that he was taking a part of the trust fund. The facts are entirely consistent with a contrary intention on his part, however, and his failure to enter the withdrawals upon the pass book may be thought to indicate an intention not to deplete the trust account.

From the foregoing conclusions, it follows that the question reserved by the Superior Court must be answered in the affirmative and that, upon the filing of a proper amendment, there should be a

*Decree for the plaintiff.*

PAGE, J., took no part in the decision of this case: the others concurred.