THE SOUTH NORWALK TRUST COMPANY, TRUSTEE (WILL OF WILLIAM BUCHANAN) *v.* EDITH J. KNAPP ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 14—decided December 17, 1941.

*Arthur B. Weiss* and *Margaret E. Connors,* for the appellant (defendant Josephine A. Garrison).

*Walter E. Whitton,* for the appellees (estate of named defendant et al.).

JENNINGS, J. The questions to be decided are whether certain stock dividends received by the trustee belong to the life tenant or remaindermen and whether counsel fees may be allowed from the corpus of the estate.

The facts proved and found with reference to the first question were extremely involved but those

essential to the decision of this appeal can be simply stated. William Buchanan died in Norwalk, January 20, 1910, leaving a will creating a trust. The plaintiff is the trustee. The purposes of the trust have been accomplished. During the administration of the trust four stock dividends and a small sum in cash were received from the Westinghouse Air Brake Company and one stock dividend was received from the United States Steel Corporation. These are still held by the trustee. This action was brought by it praying for (1) a declaratory judgment determining whether this property is principal or income and (2) an allowance to the several parties for their expenses and counsel fees.

In the case of the Steel dividend, the amount transferred from earned surplus to capital for that purpose was much less than the difference between the amount of the earned surplus at the date of the formation of the trust and at the date of the declaration of the dividend. In the case of Westinghouse, the amount transferred from earned surplus to capital to pay the last two stock dividends was less than the difference between the balance of earned surplus after paying the second stock dividend and the net additions to earned surplus between that time and the declaration of the fourth stock dividend. It is admitted that all of these dividends, including the cash, were stock dividends, that the first two Westinghouse dividends were principal, that the rights of the parties are dependent on the construction of General Statutes, § 4966,[1] and that all of the dividends belong to two

[1] Sec. 4966. STOCK DIVIDENDS AND RIGHTS ACCRUE TO PRINCIPAL OF TRUST FUND. When any executor, administrator or trustee shall hold shares of stock in a private corporation whose use or income belongs to one or more persons, and in which there is a remainder interest in another person or persons, all stock dividends made by such corporation, and all rights to subscribe for new stock in such corpora-

named remaindermen unless the life tenant comes within the second exception in the statute. The remaindermen must, therefore, prevail unless the life tenant has proved that the corporation expressly declared that the dividend was from earnings made since the formation of the trust.

There is no statement in the annual reports or various votes declaring these dividends that they are payable from the earnings made during any particular period or since any particular date. The remaindermen claim that therefore the requirement of an express declaration is lacking and that the life tenant has not proved that she comes within the exception. This was the basis of the decision of the trial court. The life tenant, attacking the finding and conclusions, contends that the action of the directors in declaring stock dividends in connection with the published financial reports adopted by them as the reports of the corporations amounted to the express declaration required by the statute, in view of the earnings made since the formation of the trust.

In other words, the remaindermen claim that the statute gives a simple direction which can have but one meaning, while the life tenant claims that it is ambiguous and should be construed in the light of the facts of this case. This point is exhaustively briefed and many cases from this and other states are cited. We are, however, unable to see any ambiguity in the provision in question which requires us to go outside of the common and ordinary meaning of the words used. "Such language does not require the aid of rules

---

tion, shall belong to the principal of the trust fund, and shall not be deemed a part of such use or income, unless it is otherwise expressly declared in the instrument creating such trust, or unless, in case of a stock dividend, the corporation making such dividend shall expressly declare the same to be made from the earnings of the corporation since the formation of the trust.

of construction or of interpretation to make the intention and meaning of the law-maker plain and clear. Interpretation and construction in the ordinary sense, in reference to such language, are alike out of place. 'If the words are free from ambiguity and doubt, and express plainly and clearly and distinctly the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation. It is not allowable to interpret what has no need of interpretation.' *McCluskey* v. *Cromwell,* 11 New York, 601." *Lee Bros. Furniture Co.* v. *Cram,* 63 Conn. 433, 437, 28 Atl. 540. The short answer to the claim of the life tenant is that the statute requires an express declaration that the dividend was made from earnings since the formation of the trust and that neither corporation made such an express declaration. *Harding* v. *Staples,* 111 Conn. 325, 332, 334, 149 Atl. 846. It may be noted that the question has now been eliminated for the future by the passage of General Statutes, Cum. Sup. 1939, § 1295e.

A statute, quite similar to that now under consideration and containing substantially the same exception, was passed in 1889. Public Acts, 1889, Chap. 72. Subsequent to this time a considerable number of cases, most important of which was, perhaps, *Smith* v. *Dana,* 77 Conn. 543, 549, 60 Atl. 117, considered various aspects of the respective rights of life tenants and remaindermen to dividends. Many of these turned on the determination of what was a stock and what a cash dividend. This is eliminated in this case by the agreement that the dividend was a stock dividend and it is unnecessary to consider the character of investigation required to decide this question. Few of them even mentioned the statute and none of them, strangely enough, construed the second exception until *Harding* v. *Staples,* supra, was decided.

In that case it was held that a letter from the president of the company to the stockholders was not the express declaration as to the source of the dividend required by the second exception to the statute and we said (p. 334): "The intent and effect of § 5041 of the General Statutes [§ 4966 of the present revision] is that the general rule prescribed by it shall be followed unless the express statement working an exception thereto be embodied in the resolution of the directors by which the stock dividend is declared, or made by some other formal and authoritative action by the directors or stockholders. To construe the statute as admitting of the exception upon an expression of individual opinion or conclusion, or a declaration made by an officer of the corporation without definite authority to do so, would defeat its paramount purpose of relieving from confusion and uncertainty by providing a plain, simple, and workable rule for the guidance and protection of fiduciaries in the allocation of stock dividends." By the reference to "some other formal and authoritative action by the directors or stockholders," we meant such action as would directly affirm that the particular dividend in question was made from the earnings of the corporation since a date subsequent to the formation of the trust. To construe it as including a conclusion arrived at by a search of the corporate records for the purpose of attempting to ascertain whether the dividend was in fact made from such earnings would introduce the very uncertainties and difficulties which we have said the statute was designed to avoid.

*Central Hanover Bank & Trust Co.* v. *Nesbit,* 121 Conn. 682, 692, 186 Atl. 643, on which the life tenant also relies, does not militate against this conclusion. That case merely held that it was the duty of the trustee to present the facts essential to the determina-

tion of the question and that since that had not been done, the question should not have been answered. To hold that such "facts" would include the elaborate analysis of the financial statements of the corporation made by the life tenant in this case is to defeat the purpose of the statute.

The conclusion of the trial court that these dividends belong to the remaindermen was correct.

The complaint claimed a declaratory judgment determining whether the dividends became a part of the principal of the trust or were income, and an allowance out of the estate to the several parties for expenses and counsel fees. There was no occasion for the bringing of an action for a declaratory judgment because a suit by the plaintiff for advice would have served every purpose. Indeed the trial court might have refused to entertain the action in this form and have at least required that it be amended so as to become one in the usual form where a fiduciary is seeking the advice of the court. Practice Book, § 250 (c); *Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304, 311, 5 N. E. (2d) 829; *Chase* v. *Second National Bank of Nashua,* 88 N. H. 275, 188 Atl. 1. The complaint did not contain the allegation usual in actions by a fiduciary seeking a construction of the will, that the plaintiff could not proceed with safety to himself or the interested parties in the performance of his duties without the advice of the court; Practice Book, Forms No. 504, 506; the parties answered as they would in an action for a declaratory judgment, not stating their claims as is usual in an action by a fiduciary for advice; Practice Book, Form No. 505; and the trial court treated the action as one for a declaratory judgment. We cannot hold that it erred in so doing. That being so, it would not have been proper to make the allowances claimed. *West Haven Bank & Trust Co.* v.

*McCoy,* 117 Conn. 489, 496, 169 Atl. 49. There is no need to consider the second reason given by the trial court for refusing allowances, that the action was not one for construction of a will.

There is no error.

In this opinion the other judges concurred.