THE CONNECTICUT SAVINGS BANK *v.* THE FIRST
NATIONAL BANK AND TRUST COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

404

Argued November 6, 1946—decided February 26, 1947

*Morris Tyler,* for the appellant (plaintiff).

*John W. Barclay,* with whom, on the brief, was *Albert H. Barclay,* for the appellee (named defendant).

*William J. Secor, Jr.,* for the appellees (defendants Boardman).

MALTBIE, C. J. This case comes before us as an appeal from a judgment for the named defendant entered upon the failure of the plaintiff to plead over after a demurrer to the complaint was sustained. The complaint sought a judgment declaring the effect as res adjudicata of a judgment in an

earlier action to which the parties to this action were also parties. The demurrer was sustained upon the ground, speaking broadly, that the allegations of the complaint did not afford a basis for relief by way of a declaratory judgment.

The complaint alleged the following in substance: Mary E. and Dr. E. Irene Boardman had an account in the plaintiff savings bank. One Brown presented to it their bankbook with a withdrawal order for $5000 signed by them, and the plaintiff drew a check on the defendant national bank, to which we shall hereafter refer as the defendant, for that amount payable to E. Irene Boardman. Brown cashed the check, which was indorsed with Dr. Boardman's name, and the defendant ultimately paid it. The Boardmans brought an action against the two banks, alleging that the indorsement was a forgery. This allegation both banks denied, and at the trial of the action both the Boardmans and the defendant introduced evidence upon the issue. An interrogatory was submitted to the jury asking whether the indorsement was written by E. Irene Boardman and they answered that it was not. A verdict was rendered for the Boardmans against the present plaintiff but in favor of the present defendant. The former has appealed from that judgment. It desired to withdraw its appeal, satisfy the judgment and look to the present defendant for redress. But if it seeks damages in an action against the defendant and the question whether the indorsement was a forgery can again be litigated upon evidence other than the earlier judgment, it would take the chance of an adverse judgment; and so it was not in a position where it could safely withdraw its appeal and pay the claim of the Boardmans. If the issue of

forgery is declared to be res adjudicata as regards the defendant, the plaintiff would withdraw its appeal in the earlier case, pay the Boardmans and, with the permission of the court, amend its complaint in this action to claim damages. There is between the parties an actual bona fide and substantial question and issue, and a substantial uncertainty of legal relation requiring settlement. The plaintiff asks a judgment declaring whether the issue of forgery has become res adjudicata as between it and the defendant.

While this case was pending before us, the appeal in the action brought by the Boardmans against the parties to this action came on for hearing and we have, contemporaneously with this decision, sustained their right to recover of the plaintiff in this action. The plaintiff, however, still presses us to decide this case; and, as we shall point out, there are certain practical advantages which may come to it by our doing so which, if anything, have become of more importance to it in its present situation.

The first ground of demurrer was that the situation presented did not fall within the statute and rules giving the Superior Court power to render declaratory judgments. In furtherance of statutory authority given to that court by § 5334 of the General Statutes to render judgments declaring "rights and other legal relations," we have adopted certain rules of practice which we have said are in accord with and correctly carry out the purpose of the statute. *Braman* v. *Babcock,* 98 Conn. 549, 553, 120 A. 150. They provide that the court may render declaratory judgments "as to the existence or nonexistence (a) of any right, power, privilege or immunity." Prac-

tice Book, § 249. It has been said, correctly, that this provision is based upon Hohfeld's analysis of jural relationships. Hohfeld, Fundamental Legal Conceptions, p. 65. The words quoted, as used by Hohfeld and in the rule, are intended to include all kinds of such relationships. Of a statute similar to ours, the New York Court of Appeals has said: "We may not limit by judicial construction a power which the Legislature has confirmed without limitation. We may not define the bounds within which that power may be exercised, except as we find such bounds implicit in the statute, read in the light of established public policy" (or, we add, in the rules adopted under authority of the statute). *Westchester Mortgage Co.* v. *Grand Rapids & I. R. Co.,* 246 N. Y. 194, 199, 158 N. E. 70. That our statute and rules undoubtedly were designed to reach beyond declarations of law which would finally determine the rights of the parties as regards each other definitely appears from the further provision in § 249 of the rules which authorizes judgments as to the existence or nonexistence "of any fact upon which the existence or nonexistence of such right, power, privilege or immunity does or may depend." To bring the situation before us within the word "right" as used in the rule presents, it is true, serious difficulty; but, if not within that classification, it would fall within the word "immunity." The plaintiff is seeking a declaration that if it brings an action against the defendant to recover the amount of the judgment against it in the previous action it will be immune from the obligation of establishing that the indorsement on the check was forged otherwise than by reason of the final determination of that issue in that action, with the correlative dis-

ability on the part of the defendant to disprove that claim by other evidence. Hohfeld, op. cit., p. 8. It was within the power of the Superior Court to render a judgment declaring whether, as between the parties to this proceeding, the judgment in the previous action was res adjudicata as regards that issue. The first ground of demurrer was not sound.

The other grounds of demurrer are based upon certain provisions in our rules which condition the rendition of declaratory judgments. It is sufficient for the disposition of these grounds to state briefly the specific claims made before us in support of them and the basis of the ruling of the trial court as it appears in its memorandum of decision. The essential position of the defendant is that an action for a declaratory judgment properly lies only where a failure to grant it would cause the plaintiff a loss of rights, and that it does not lie where there is an adequate remedy in the usual course of judicial proceedings or where the court is of the opinion that the parties should be left to seek redress by some other form of procedure. The application of these contentions to the case before us rests on the fact that, in an action in the usual form brought by the plaintiff against the defendant to recover damages based on the payment of the check by the latter upon the forged indorsement, the plaintiff could make the same claim it now advances as to the conclusiveness of the judgment in the earlier action, and on the claim that it could thus secure a determination of that issue more simply and directly.

Section 250 of the Practice Book provides in part: "The Superior Court will not render declaratory judgments: (a) Upon the complaint of any person unless he has an interest, legal or equitable, by rea-

son of danger of loss or of uncertainty as to his rights or other jural relations; or (b) unless there is an actual, *bona fide* and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure." Our statute, which antedated the Uniform Declaratory Judgments Act, is broader in scope than that act and the statutes in most, if not all, other jurisdictions. We have consistently construed our statute and the rules under it in a liberal spirit, in the belief that they serve a sound social purpose. *Sigal* v. *Wise*, 114 Conn. 297, 301, 302, 158 A. 891; *New Haven Water Co.* v. *New Haven*, 131 Conn. 456, 464, 40 A.2d 763. We have undoubtedly given a broader scope to proceedings for declaratory judgments than have the courts in many other jurisdictions.

An action for a declaratory judgment is a special statutory proceeding, not one in equity. *Silberman* v. *McLaughlin*, 129 Conn. 273, 276, 27 A.2d 634; *Newington* v. *Mazzoccoli*, 133 Conn. 146, 150, 48 A.2d 729. The condition precedent to the maintenance of an action in equity—that there be no adequate remedy at law—has no application. In order to ascertain the limitations upon the use of actions for declaratory judgments, we look to the restrictions established by the rules we have quoted. The first of these is that there must be an issue in dispute or an uncertainty of legal relations "which requires settlement between the parties." This provision means no more than that there must appear a sufficient practical need for the determination of the matter; *Sigal* v. *Wise*, supra, 302; *Hill* v. *Wright*, 128 Conn.

12, 19, 20 A.2d 388; and that need must be determined in the light of the particular circumstances involved in each case. *James* v. *Alderton Dock Yards,* 256 N. Y. 298, 305, 176 N. E. 401. This limitation is, however, concerned only with the nature of a dispute which is determinable in an action for a declaratory judgment, and not with the question whether, if a plaintiff may secure an adjudication of his rights or jural relations in an ordinary proceeding, he is therefore debarred from maintaining an action for a declaratory judgment. Such a question is left by the rules for determination under subsection (c) of § 250, which provides that the Superior Court will not render a declaratory judgment where it is "of the opinion that the parties should be left to seek redress by some other form of procedure." This rule vests a discretion in the trial court to determine whether, where a dispute between the parties is in itself proper for determination in an action for a declaratory judgment, such an action shall be permitted, or they shall be relegated to some other form of proceeding. *South Norwalk Trust Co.* v. *Knapp,* 128 Conn. 426, 432, 23 A.2d 519.

We agree, as is suggested by our opinion in the case last cited, with certain decisions appearing in the defendant's brief to the extent of holding that a trial court should not entertain an action for a declaratory judgment when an ordinary action affords a remedy as effective, convenient and complete; see *State* v. *Erickson,* 104 Conn. 542, 548, 133 A. 683; *Newington* v. *Mazzoccoli,* supra, 151; but, unless that clearly appears, the matter rests in the discretion of the court. A demurrer to a complaint for a declaratory judgment based on this provision of the

rules can only prevail if the court could not, in the exercise of a proper discretion, permit the maintenance of the action. *Hill* v. *Wright,* supra. The defendant devotes a portion of its brief to setting forth reasons on the basis of which it claims that it would conduce to simplicity and expedition in the ultimate disposition of the dispute between the parties to leave the plaintiff to raise the issue involved in this proceeding in an ordinary action for damages. We cannot, however, read the decision of the trial court in sustaining the demurrer as resting upon such grounds, and we cannot hold that, as matter of law, it would for these reasons be an abuse of discretion to permit the continuation of this action to judgment.

The trial court succinctly stated as the basis of its decision: "The plaintiff in effect desires an advisory opinion as to the legal effect of certain evidence it proposes to introduce in an action it may bring against the defendant First National Bank and Trust Co. in the future." The court then cited a case to the effect that an action at law does not lie where the purpose is merely to secure "advice on the law." It would be true that the action would not lie if that were all there was to the case. *Aetna Life Ins. Co.* v. *Haworth,* 300 U. S. 227, 241, 57 S. Ct. 461, 81 L. Ed. 395; Anderson, Declaratory Judgments, p. 44 et seq.; see *Sigal* v. *Wise,* supra, 302. But it follows from what we have said that the plaintiff is seeking much more than that. Its purpose is not, in the language of the trial court, to have determined "the legal effect of certain evidence it proposes to introduce," but rather to secure a declaration of the effect of a certain judgment upon the jural relations between the parties. The plaintiff alleges that, if

that judgment is held to be conclusive as to the issue of forgery, it will ask permission to amend its complaint in this action to seek damages against the defendant; we have approved such a procedure. *Joy Co., Inc.* v. *New Amsterdam Casualty Co.,* 98 Conn. 794, 805, 120 A. 684; *New Haven Water Co.* v. *New Haven,* supra. In the event that the decision in this action is that the judgment in the earlier action was not conclusive, the plaintiff would be confronted with the question whether or not to pursue an action against the defendant for damages, and such a declaration might still serve a practical need for its guidance in determining the course it should take. *Sigal* v. *Wise,* supra, 302.

Two other matters perhaps require consideration. The defendant cites certain decisions to the effect that a declaratory judgment does not lie to explain judicial decrees or judgments; that is not our law; in *Lloyd* v. *Weir,* 116 Conn. 201, 204, 164 A. 386, we held that in an action for a declaratory judgment the Superior Court might properly declare the effect of a probate decree as conclusively settling the rights of the parties; and we see no reason for departing from that decision. The remaining matter for discussion arises out of an implication in the memorandum of the trial court that this action was improper because it sought the settlement of an issue which would not establish the rights of the parties but which could, at most, serve as an aid in the determination of those rights. That a declaration of jural relations may properly serve the latter purpose is evident from our decisions in *Joy Co., Inc.* v. *New Amsterdam Casualty Co.,* supra, and *New Haven Water Co.* v. *New Haven,* supra. The advantages of a declaration in such situations is well

illustrated by the "famous" case of *Guaranty Trust Co. of New York* v. *Hannay & Co.,* [1915] 2 K. B. 536, 12 A.L.R. 1; the plaintiff in that action was sued in a United States circuit court upon the ground that it had paid a bill of exchange upon the basis of an attached bill of lading which was forged; the bill of exchange had been issued in England and accepted there by the plaintiff's agent, and it was admitted that the case was governed by the law of England; the plaintiff brought an action in the court of King's Bench for a declaration as to the applicable English law, in aid of its defense to the action in the circuit court, and was permitted to maintain it. See *Westchester Mortgage Co.* v. *Grand Rapids & I. R. Co.,* supra. In the situation before us, it is evident that if the plaintiff should be relegated to an ordinary action against the defendant for damages the question of the effect of the judgment in the earlier case would be presented; the parties would nevertheless have to prepare the case on the assumption that the judgment would not be held to be res adjudicata, and the case would be tried on that basis; yet, if the court should ultimately decide that the judgment was conclusive on the issue of forgery, all the time and effort spent in securing and presenting other evidence would be sheer wastage. An action for a declaratory judgment may properly serve the purposes of simplifying the issues and expediting the decision of the ultimate question of the right of a plaintiff to relief by deciding an issue in a preliminary proceeding. See *American Motorists Ins. Co.* v. *Central Garage,* 86 N. H. 362, 364, 169 A. 121; *Bradford* v. *Utica Mutual Ins. Co.,* 179 Misc. 919, 920, 39 N.Y.S. 2d 810; *Delaware County National Bank* v. *Miller,* 303

Pa. 1, 6, 154 A. 19; Borchard, Declaratory Judgments (2d Ed.), p. 291. The court, on the trial of this action, might conclude that the plaintiff should be accorded the relief it seeks or, on the other hand, that it should be left to raise the question at issue in an ordinary suit for damages; but the way in which it should exercise discretion in the matter must be decided at that time and not on the demurrer before us.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.