GLENS FALLS INSURANCE COMPANY *v.* BERNARD J. SOMERS ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued October 7—decided November 10, 1959

*Clarence A. Hadden,* with whom, on the brief, was *Daniel Pouzzner,* for the appellant (plaintiff).

*George E. McGoldrick,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellee (defendant Battipaglia).

KING, J. The plaintiff brought this action against Bernard J. Somers and Trofimena Battipaglia, claiming a declaratory judgment and injunctive relief. The complaint alleged that the plaintiff had issued a policy of automobile liability insurance to Anne Somers; that during the period of coverage

of the policy a car owned by her and operated by Bernard J. Somers was involved in an accident in which Mrs. Battipaglia, a pedestrian, was injured; that Mrs. Battipaglia brought suit for personal injuries against both Anne and Bernard, claiming that Bernard was operating the car as a family car and as the agent of Anne; that Bernard was not covered by the policy because of a specific indorsement on it excluding him; and that although Anne was not legally liable for any negligence of Bernard the defendants claimed that the policy was applicable to any judgment which Mrs. Battipaglia might recover. The plaintiff concedes that the policy covers any judgment which may be validly rendered against Anne, and she was not made a party defendant in this action. The plaintiff sought (1) a declaratory judgment determining whether under the terms of the policy the plaintiff is obligated to appear and defend the personal injury action on behalf of Bernard; (2) a declaratory judgment determining whether the operation of the car by Bernard was under circumstances such that Anne is legally liable for any negligence on his part; and (3) coercive relief, in the event of an adjudication that Bernard was not covered by the policy and that Anne was not liable for Bernard's negligence, in the form of an injunction restraining the defendants from proceeding against the plaintiff or Anne to collect the amount of any judgment which may be rendered in the personal injury action.

To this complaint each defendant filed what amounted to a general denial. The case was placed on the assignment list for Friday, January 16, 1959. On Tuesday, January 13, subsequent to the assignment of the case for trial (Practice Book § 133), Mrs. Battipaglia filed a motion to dismiss the second

and third claims for relief on the ground that (a) these claims involved the very issues of agency and family car use which were in her personal injury action; (b) the parties to the personal injury action are entitled to have these issues determined by a jury; and (c) their determination in the instant action will serve no useful purpose and will inconvenience her. The court granted the motion but failed to file any note or memorandum disclosing the grounds for its action. The plaintiff appealed from the granting of the motion. The granting of it, although erroneous for reasons hereinafter stated, effectually removed the two claims for relief from the complaint. *Mainolfi* v. *Zoning Board of Appeals*, 146 Conn. 634, 636, 153 A.2d 460. In an endeavor to facilitate the disposition of this controversy, we assume, as did the parties, although we in no way decide, that the action of the court in eliminating portions of the claims for relief was a final judgment from which the plaintiff had a right of appeal. Practice Book § 380; Maltbie, Conn. App. Proc. § 16; *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 374, 84 A.2d 681.

It was improper for Mrs. Battipaglia, after having filed an answer, to file a motion to dismiss, or any other motion addressed to the complaint, without seeking approval of the court. Practice Book §§ 80, 81; *Mainolfi* v. *Zoning Board of Appeals,* supra, 635. But we cannot overlook the crowded condition of our dockets and, especially, the multitude of motions on which a court is called upon to pass during a single short-calendar session. As far as appears, the court was not informed, at the hearing on the motion to dismiss, that Mrs. Battipaglia had already filed an answer. It was not the duty of the court to search through the file to ascertain

whether she had done so and had thereby waived her right to file the motion. It is true that had Mrs. Battipaglia sought permission to file the motion, as required by Practice Book § 81, the attention of the court necessarily would have been called to the situation and it could have determined whether permission to file should be granted. This case well illustrates the soundness of the rule requiring such permission. It was incumbent, however, on the plaintiff, at the hearing on the motion, to point out to the court the procedural defect. As far as appears, the plaintiff did not do so. Consequently, the question of waiver under § 81 of the Practice Book was neither raised nor passed upon by the court. It follows that no error can be predicated by the plaintiff upon the action of the court in entertaining the motion after the pleadings had been closed. *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 667, 136 A.2d 918; *Hartlin* v. *Cody,* 144 Conn. 499, 504, 134 A.2d 245; *Presta* v. *Monnier,* 145 Conn. 694, 703, 146 A.2d 404.

A motion to dismiss is not a proper vehicle for an attack on the sufficiency of a pleading. Practice Book § 59; *Pearson* v. *Bridgeport Hydraulic Co.,* 141 Conn. 646, 649, 109 A.2d 260. Under modern practice, a motion to dismiss is ordinarily used only to attack certain types of defect in appeals to this court. Practice Book §§ 436, 436A; *Tamarit* v. *Ottolini,* 145 Conn. 586, 589, 145 A.2d 587; Stephenson, Conn. Civil Proc., § 77 (c). Here it was used to perform, in effect, the function of a demurrer to two of the claims for relief. Practice Book § 97. This was improper, and on this ground, also, the court should have denied the motion. Especially is this so, since the rule of court (Practice Book § 93) granting a right to plead over after demurrer sus-

tained would not apply to this so-called motion to dismiss. Here again, however, the record does not indicate that the claim as to the impropriety of the use of a motion to dismiss was raised in the trial court. Indeed, it was not even made here. We have decided to consider the case as it was presented by the parties, overlooking the foregoing procedural shortcomings and treating the motion to dismiss as sustainable under the same test as would have been applicable if the motion had been a demurrer to the claims for relief. *Anselmo* v. *Cox*, 135 Conn. 78, 79, 60 A.2d 767. The fundamental question, then, is whether a demurrer to the relief, if based upon the reasons given in the so-called motion to dismiss, could properly have been sustained. As stated in the rule (Practice Book § 97), a demurrer to the relief lies where any relief claimed by the plaintiff cannot properly be demanded upon the allegations of the complaint. If the relief can properly be demanded, the demurrer cannot be sustained.

The reasons given in the motion to dismiss were three in number. The claim of a right to a jury trial is without merit, since a jury trial as to issues of fact may be obtained, if properly demanded, in a declaratory judgment proceeding. Practice Book § 278 (f). The other two reasons were basically one, in effect that since the issues of agency and family car use were already involved in the personal injury action, no useful purpose would be served by having them litigated in a declaratory judgment action.

To sustain a demurrer to a declaratory judgment complaint on the ground that the court is "of the opinion that the parties should be left to seek redress by some other form of procedure" (Practice Book § 277 [c]), it must appear that "the court could not, in the exercise of a proper discretion, permit

the maintenance of the action." *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* 133 Conn. 403, 411, 51 A.2d 907. Substantially the same test would apply as to the relief demanded where, as here, a demurrer to the relief is similarly based on § 277 (c) of the Practice Book. If the court in the exercise of a proper discretion could grant a given claim for relief, then a demurrer to that claim should be overruled. In the instant case, the facts involved in the determination of that question all appear in the complaint. There is nothing to indicate that any further facts would or could be developed on the trial which would affect the exercise of the court's discretion. It follows that the court could properly decide, upon a demurrer to the relief, as in effect it did as we are treating the case, that the only proper exercise of discretion would be to leave the determination of the issues of agency and family car use to the personal injury action. *South Norwalk Trust Co.* v. *Knapp,* 128 Conn. 426, 432, 23 A.2d 519; see *Sturtevant* v. *Sturtevant,* 146 Conn. 644, 650, 153 A.2d 828.

There is no error.

In this opinion the other judges concurred.