JANET P. REDMOND ET AL. *v.* FRANKLYN B. MATTHIES
ET AL.

KING, MURPHY, SHEA, SHAPIRO and LOISELLE, JS.

Argued March 9—decided April 17, 1962

*William A. Phillips,* with whom was *John S. Williams,* for the appellants (plaintiffs).

*John S. Barton,* with whom were *Curtis V. Titus* and, on the brief, *William B. Rush,* for the appellees (named defendant et al.).

*Jacob D. Zeldes,* with whom, on the brief, were *David Goldstein* and *Irving J. Alter,* for the appellee (defendant Katharine Matthies).

*Carl A. Lundgren,* for the appellees (defendants Seymour Trust Company et al.).

*John F. Spindler,* for the appellee (defendant Raymond E. Hackett).

KING, J. The facts necessary for an understanding of our decision may be set forth in abbreviated and simplified form. The plaintiffs in the instant action for a declaratory judgment had been made defendants in a pending action which was instituted by some of the present defendants. The pending action, in essence, sought an accounting, the imposition of a constructive trust, and damages from the present plaintiffs as the executrices, trustees and distributees under the will of Franklin Starr Jerome. In the pending action, it was alleged that Jerome, during his lifetime, individually and as a trustee of trusts created under the will of George E. Matthies, wrongfully appropriated to his own

use funds of these trusts and of Delaware and Connecticut corporations in which the trusts had an interest. The plaintiffs in the pending action included the present trustees of certain of the trusts, which may be referred to as the Matthies trusts, and also the Seymour Manufacturing Company, a Connecticut corporation.

The present plaintiffs seek a declaratory judgment as to certain issues in the pending action. These issues are, in effect, whether a receiver or trustee appointed by the chancery courts of Delaware is the only person entitled to bring such an action as the pending one, as far as the assets of the Delaware corporations are concerned, and whether the plaintiff trustees in the pending action had been legally appointed, so as to be entitled, as trustees, to maintain that action. Another claim for a declaratory judgment was conditioned on the rendition of a declaratory judgment adverse to the present plaintiffs on one or both of the foregoing issues. If the plaintiffs are not entitled to a declaratory judgment on those issues, this claim need not be considered. In a final claim for relief, a temporary injunction was sought against the prosecution of the pending action until the final determination of this declaratory judgment action.

The court refused to grant a temporary injunction and thereafter sustained demurrers interposed by the defendants. On the plaintiffs' failure to plead over, judgment was rendered for the defendants. From this judgment the plaintiffs have appealed. The basic question to be determined is whether the court was in error in sustaining the demurrers. The plaintiffs incorporated, as exhibit A in their complaint, the complaint in the pending action and also, as exhibit B, a settlement agree-

ment between certain of the present defendants which purported to assign the Jerome claims to trusts administered by the plaintiff trustees in the pending action. The two exhibits became part of the complaint in this action; Practice Book § 41; and must be so treated in the determination of the demurrers. *Utley* v. *Nolan,* 134 Conn. 376, 377, 58 A.2d 9.

As in the case of complaints in general, a complaint in a declaratory judgment action must contain allegations sufficient to show that the plaintiff is entitled to the declaratory judgment sought, under § 52-29 of the General Statutes as implemented by Practice Book §§ 276 and 277. *Lipson* v. *Bennett,* 148 Conn. 385, 388, 171 A.2d 83; *Sturtevant* v. *Sturtevant,* 146 Conn. 644, 649, 153 A.2d 828; *Bania* v. *New Hartford,* 138 Conn. 172, 175, 83 A.2d 165; see *Holt* v. *Wissinger,* 145 Conn. 106, 109, 139 A.2d 353.

The fundamental question presented here is one of alternative remedies.[1] This question must be determined, on attack by demurrer, on the basis of the allegations of the complaint. *Wexler Construction Co.* v. *Housing Authority,* 144 Conn. 187, 194, 128 A.2d 540; see *South Norwalk Trust Co.* v. *Knapp,* 128 Conn. 426, 432, 23 A.2d 519. If, on these allegations, it affirmatively appears that the court could, in a reasonable exercise of its discretion, decide that a declaratory judgment action should be permitted, the demurrer should not be sustained. *Glens Falls Ins. Co.* v. *Somers,* 146 Conn. 708, 713,

---

[1] "[Practice Book] Sec. 277. CONDITIONS [to rendition of declaratory judgments]. The superior court and the court of common pleas will not render declaratory judgments: . . . (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure . . . ."

156 A.2d 146; *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* 133 Conn. 403, 410, 51 A.2d 907. The reason, of course, is that it could not be determined, as matter of law, how the court should exercise a discretion which the allegations of the complaint showed that it possessed. But unless the allegations of the complaint include facts which show that the court has discretion to entertain the action, the complaint is vulnerable to attack by a properly drawn demurrer.

The instant action seeks much more than a determination of the effect, as res judicata, of a judgment in another action, as was the case in *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* supra, 405. Indeed, it goes far beyond any mere claim for a declaratory judgment determining some question connected with, or growing out of, another action. See cases such as *Lloyd* v. *Weir,* 116 Conn. 201, 204, 164 A. 386. Here, we are concerned with the specific application of § 277 (c) of the Practice Book to situations where the subject matter of the declaratory judgment which is sought is already in issue in a case instituted prior to the institution of the declaratory judgment action. The instant action seeks to enjoin the further prosecution of a previously instituted pending action until issues therein are culled out and determined here —issues which could, and if properly raised would, be determined in the pending action. If such a procedure were generally permissible, it would be equally available for culling out and trying issues in any pending action—for example, an issue like assumption of risk.

The general rule is given in an annotation in 135 A.L.R. 934 as follows: "[J]urisdiction of a declaratory judgment action will not be entertained

if there is pending, at the time of the commencement of the declaratory action, another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declaratory action." But for some such rule, almost any pending action could be interrupted and held at bay until the determination, in one or more subsequently instituted declaratory judgment actions, of issues culled out of the pending action. Such a procedure would be intolerable in view of the present crowded condition of our trial court dockets. See *Sturtevant* v. *Sturtevant,* 146 Conn. 644, 650, 153 A.2d 828. It would also be entirely contrary to the modern concept which favors the determination of related matters in a single action. *Colson* v. *Pelgram,* 259 N.Y. 370, 375, 182 N.E. 19. Although the plaintiffs have seen fit to include, as defendants, not only all the parties plaintiff in the pending action but also other persons not parties plaintiff in that action, this fact does not, in and of itself, render this declaratory judgment action permissible. See *United States Fidelity & Guaranty Co.* v. *Savoy Grill, Inc.,* 51 Ohio App. 504, 508, 1 N.E.2d 946. Indeed, the complaint lacks allegations showing any real justification for joining the additional defendants. Ibid.

As pointed out in cases such as *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* 133 Conn. 403, 409, 51 A.2d 907, our declaratory judgment statute and rules serve a sound social purpose and are to be liberally construed. In this case, we are not required to, nor do we, decide that under no conceivable circumstances can a declaratory judgment action be instituted for the adjudication of any issue in a pending action. What we do decide

is that only under exceptional circumstances could a court, in the exercise of a sound discretion, permit such a proceeding; *Glens Falls Ins. Co.* v. *Somers,* 146 Conn. 708, 713, 156 A.2d 146; and then only if the exceptional circumstances were clearly alleged in the complaint. See *Liebeskind* v. *Waterbury,* 142 Conn. 155, 159, 112 A.2d 208. Absent such allegations, it is an abuse of discretion for a court to entertain such a declaratory judgment action, and the complaint therein is demurrable. *Woollard* v. *Schaffer Stores Co.,* 272 N.Y. 304, 311, 5 N.E.2d 829; *Colson* v. *Pelgram,* supra, 377; *United States Fidelity & Guaranty Co.* v. *Savoy Grill, Inc.,* supra, 509; see Practice Book § 97; *Glens Falls Ins. Co.* v. *Somers,* supra; *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* supra, 410. Were the rule otherwise, a court could not decide on the pleadings "that the parties should be left to seek redress" in the original action; Practice Book § 277 (c); but would probably have to accord the plaintiffs at least an opportunity to present some, if not all, of their evidence. See *Scully* v. *Westport,* 145 Conn. 648, 653, 145 A.2d 742. Such a procedure would unduly delay the pending proceeding.

The plaintiffs claim that the court could reasonably conclude that the issues presented in this case should be tried separately from other issues in the pending action, and that the court could, in the exercise of a sound discretion, entertain an action for a declaratory judgment to determine the merits of the issues here presented. The basis of this claim is that these issues could not be effectively adjudicated in the pending action prior to trial on the merits, and that to hear all the issues together would unduly complicate and prolong the trial of the pending action.

The court in the pending action could, if the present plaintiffs show that it is desirable so to do, and properly raise the two issues in their pleadings (General Statutes § 52-93), sever these issues and dispose of them first. General Statutes § 52-205; Practice Book § 145. Indeed, if the plaintiffs' claims regarding the dispositive character of these issues are sound, and a severance is obtained, the plaintiffs could appeal from an adverse judgment on these issues prior to a trial or adjudication of the other issues in the case. Practice Book § 380. Especially in the light of this available procedure, the complaint clearly lacks allegations of exceptional circumstances on which the court could, in the exercise of a sound discretion, entertain the instant action for a declaratory judgment. See *Lipson* v. *Bennett,* 148 Conn. 385, 390, 171 A.2d 83.

Each of the defendants, by demurrer, has attacked the complaint on the ground discussed. The court was not in error in sustaining each of the demurrers. Whether the defendants could have raised the same claims in any other manner, as by a plea in abatement on the ground of another action pending, is a matter not before us. See cases such as *Phillips* v. *Moeller,* 147 Conn. 482, 487, 163 A.2d 95; *Cole* v. *Associated Construction Co.,* 141 Conn. 49, 54, 103 A.2d 529. It is unnecessary to consider the other grounds of demurrer or the other claims of the parties.

There is no error.

In this opinion the other judges concurred.