Arthur M. MASTERSON, Administrator on the Estates of Gerald T. Masterson, Sr., and Gerald T. Masterson, Jr., and Guardian of the Estates of Paul J. Masterson, Lynn F. Masterson, and Richard G. Masterson, Plaintiffs,

v.

Nellie ATHERTON, Defendant.

Civ. No. 9313.

Nellie ATHERTON, Plaintiff,

v.

Frances T. MASTERSON and Arthur M. Masterson, Defendants.

Civ. No. 9342.

United States District Court
D. Connecticut.

Feb. 6, 1963.

On Motions for Summary Judgment
July 25, 1963.

408

Theodore I. Koskoff and Joseph W. Knott, Bridgeport, Conn., for Arthur M. Masterson and Frances T. Masterson.

John J. Cotter, of Cotter & Cotter, Bridgeport, Conn., for Nellie Atherton.

TIMBERS, District Judge.

## MOTIONS FOR REMAND, STAY AND CONSOLIDATION.

Nellie Atherton (plaintiff in Civil Action No. 9342 and defendant in Civil Action No. 9313) having moved, pursuant to 28 U.S.C. § 1447, to remand Civil Action No. 9342 to the Superior Court for Fairfield County, from which it was removed to this Court, pursuant to 28 U.S.C. § 1441(a); and Nellie Atherton having moved for a stay of proceedings in Civil Action No. 9313; and Arthur M. Masterson (defendant in Civil Action No. 9342 and plaintiff in Civil Action No. 9313) having moved, pursuant to Rule 42(a), Fed.R.Civ.P., to consolidate Civil Action No. 9342 and Civil Action No. 9313; and

The Court having heard argument by counsel for the respective parties; having considered their pleadings, motions, affidavits and briefs; and the Court being of the opinion that

(A) The motion to remand Civil Action No. 9342 should be denied for the reasons

   (1) that Frances T. Masterson's affidavit of May 29, 1962 constitutes a judicial disclaimer of all interest in Civil Action No. 9342 and Civil Action No. 9313 and in the subject matter of said actions (Grant County Deposit Bank v. McCampbell, 194 F.2d 469, 473, 31 A.L.R.2d 909 (6 Cir. 1952) );

   (2) that Frances T. Masterson is neither a necessary nor indispensable party to Civil Action No. 9342, but is a nominal or formal party thereto (Shields v. Barrow, 58 U.S. (17 How.) 129, 139, 15 L. Ed. 158 (1854); Leadman v. Fidelity & Casualty Company of New York, 92 F.Supp. 782, 784 (S.D.W.Va.1950) );

(3) that this Court, in determining whether requisite diversity of citizenship exists, must look to the citizenship of the real parties in interest and must disregard the citizenship of nominal or formal parties having no real interest in the controversy (Hann v. City of Clinton, 131 F.2d 978, 981 (10 Cir. 1942); 3 Moore's Federal Practice, ¶17.04, pp. 1312, 1315 (2d ed. 1948));

(4) that the right of removal cannot be defeated by joining an unnecessary or dispensable party such as Frances T. Masterson (Salem Trust Company v. Manufacturers' Finance Company, 264 U.S. 182, 189-190, 44 S.Ct. 266, 68 L.Ed. 628 (1924); Olsen v. Jacklowitz, 74 F.2d 718, 719 (2 Cir. 1935));

(5) that, in the absence of Frances T. Masterson, the Court can enter a final judgment consistent with equity and good conscience which will not be in any way unfair or inequitable to the parties hereto (Shields v. Barrow, supra at 139; Stonybrook Tenants Association v. Alpert, 194 F. Supp. 552, 559 (D.Conn. 1961));

(6) requisite diversity jurisdiction here exists since Nellie Atherton on one side is of citizenship diverse to that of Arthur M. Masterson on the other side (Indianapolis v. Chase National Bank, 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941); Salem Trust Company v. Manufacturers' Finance Company, supra at 189; Removal Cases, 100 U.S. 457, 468-470, 25 L.Ed. 593 (1879); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)), the Court having arranged the parties with respect to the actual controversy and having looked beyond the formal arrangement made in the complaint (Helm v. Zarecor, 222 U.S. 32, 36, 32 S. Ct. 10, 56 L.Ed. 77 (1911));

(7) that the value of the matter in controversy in this declaratory judgment action, when measured by the pecuniary consequences to those involved in this litigation, clearly is in excess of the requisite jurisdictional amount (Thomson v. Gaskill, 315 U.S. 442, 447, 62 S.Ct. 673, 86 L.Ed. 951 (1942));

(8) that, since the requisite jurisdictional amount is involved and the requisite diversity of citizenship exists, this is a civil action over which this Court would have had original jurisdiction (28 U.S.C. § 1332(a)(1)) and the action therefore was properly removed to this Court (28 U.S.C. § 1441(a)); and

(B) The motion to stay proceedings in Civil Action No. 9313 should be denied for the reason that remand of Civil Action No. 9342 is being denied (cf. Redmond v. Matthies, 149 Conn. 423, 428, 180 A.2d 639 (1962)); and

(C) The motion to consolidate Civil Action No. 9342 and Civil Action No. 9313 should be granted

for the reason that common questions of law and fact are involved in the actions, but the consolidation of these actions should be conditioned by directing that the issues in Civil Action No. 9342 be determined by the Court, not by jury, by prior and separate trial or by appropriate motion in advance of trial of the issues in Civil Action No. 9313 (Rule 42(b), Fed.R.Civ.P.; cf. Redmond v. Matthies, supra at 429–430); it is

Ordered that the motion to remand Civil Action No. 9342 be, and the same hereby is, denied; and it is further

Ordered that the motion to stay proceedings in Civil Action No. 9313 be, and the same hereby is, denied; and it is further

Ordered that the motion to consolidate Civil Action No. 9342 and Civil Action No. 9313 be, and the same hereby is, granted *provided* that the issues in Civil Action No. 9342 be determined by the Court, not by jury, by prior and separate trial or by appropriate motion in advance of trial of the issues in Civil Action No. 9313.

### MOTIONS FOR SUMMARY JUDGMENT

Pursuant to Rule 56, Fed.R.Civ.P., motions for summary judgment having been filed (A) by Nellie Atherton as plaintiff in Civil Action No. 9342 (declaratory judgment action); (B) by Frances T. Masterson and Arthur M. Masterson as defendants in Civil Action No. 9342; and (C) by Nellie Atherton as defendant in Civil Action No. 9313 (wrongful death and personal injury action); and

The Court having heard argument by counsel for the respective parties; having considered their pleadings, motions, affidavits and briefs; being of the opinion that there is no genuine issue as to any material fact in either action; and being further of the opinion that

(A) In Civil Action No. 9342 plaintiff Nellie Atherton's motion

for summary judgment should be granted for the reasons that

(1) The Connecticut Accidental Failure Of Suit Statute (Conn.Gen.Stat. § 52–592 (1958)) has not been construed by the courts of Connecticut in a factual situation comparable to that of the instant case, this being a case of first impression under this statute;

(2) "Where a Federal court must apply the law of a state, and there is no direct authority from the courts of that state as to how they would decide the particular point of law at issue, the Federal court must make its own determination as to what the state courts would probably do." (Eicciuti v. Voltarc Tubes, Inc., 277 F.2d 809, 812 (2 Cir. 1960)) (Connecticut statute of limitations construed by Connecticut District Court in absence of state decisional law);

(3) "Where a state statute has never been construed, necessarily the federal court must exercise its independent judgment as to what the statute means, guided by analogous decisions, if any, and the court's own reasoning as to the intended public policy." (1A Moore's Federal Practice, ¶ 0.-309[2], p. 3327 (2d ed. 1961));

(4) In Connecticut "All statutes, whether remedial or penal, should be construed according to the apparent intention of the Legislature, to be gathered from

the entire language used, in connection with the subject and purpose of the law." (Mulcahy v. Mulcahy, 84 Conn. 659, 662, 81 A. 242, 243 (1911));

(5) The purpose in enacting § 52–592 was to provide an enlarged statute of limitations in certain specific cases; this is a remedial statute (Baker v. Baningoso, 134 Conn. 382, 386, 58 A.2d 5 (1948); Korb v. Bridgeport Gas Light Co., 91 Conn. 395, 99 A. 1048 (1917));

(6) The purpose in enacting § 52–592, absent a clear declaration of contrary intent, was not to overturn the public policy of res adjudicata which is so deeply rooted in the laws of this state (Ruocco v. Logiocco, 104 Conn. 585, 134 A. 73 (1926));

(7) The language of § 52–592 as a whole indicates it was not intended to apply to actions which had been tried on the merits; see, e. g., the title of the statute ("*Accidental failure of suit*") and the provision relating to actions dismissed in the federal court ("any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed *without trial upon its merits* or because of lack of jurisdiction in such court") (Norman Dairy, Inc. v. International Brotherhood of Teamsters, 17 Conn.Supp. 406, 409 (1951)) (predecessor of § 52–592 construed as contemplating "a final judg-ment though not one on the merits in a preceding suit for the same cause or substantially that");

(8) The words "any such action" (following the semicolon in the first sentence of § 52–592) refer back to the preceding instances of actions which have not been tried on the merits; the words "any such action" do not refer forward in this statute so as to apply, for example, to the instance of "a judgment for the plaintiff reversed".

(9) Since § 52–592 does not apply to Civil Action No. 9313 and since the parties to and the cause of action alleged therein are the same as in the state court action which has been determined on its merits (Masterson v. Atherton, 149 Conn. 302, 179 A.2d 592 (1962), judgment entered on verdict for plaintiffs reversed with direction to render judgment for defendant), the judgment entered pursuant to the mandate of the Supreme Court of Errors in the Superior Court for Fairfield County on March 16, 1962 is res adjudicata as to Civil Action No. 9313;

(10) For the same reasons, the cause of action in Civil Action No. 9313 is barred by the one year statute of limitations (Conn.Gen. Stat. § 52–584 (1958)); and

(B) In Civil Action No. 9342 the motion for summary judgment by defendants Frances T. Masterson and Arthur M. Masterson

should be denied for the reasons stated above; and

(C) In Civil Action No. 9313 the motion for summary judgment by defendant Nellie Atherton should be granted for the reasons stated above; it is

ordered as follows:

(1) Plaintiff's motion for summary judgment in Civil Action No. 9342 be, and the same hereby is, granted;

(2) Defendants' motion for summary judgment in Civil Action No. 9342 be, and the same hereby is, denied;

(3) Defendant's motion for summary judgment in Civil Action No. 9313 be, and the same hereby is, granted.

(4) The Clerk is directed to enter judgment accordingly.