[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 13495
This is an action for breach of an agreement to purchase real estate. The defendants move to strike that claim for relief which seeks attorney's fees. The plaintiffs have not filed an opposing memorandum. See Practice Book § 155, paragraph 2.[1]
"The general rule of law known as the `American rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . This rule is generally followed throughout the country. . . . Connecticut adheres to the American rule. . . There are few exceptions. For example, where a specific contractual term provides for the recovery of attorney's fees and costs. . . or where a statute controls. . Additionally, an indemnitee is entitled to recover from an indemnitor, as part of its damages, attorney's fees, costs and expenses." (citations and internal quotation marks omitted.)24 Leggett street Limited Parts v. Beacon Industries,239 Conn. 284, 311-312, 685 A.2d 305 (1996).
Here, no statutory exception to the general rule has been pleaded in the complaint, as is required by Practice Book § 109A(a).[2] The contract to which reference is made in the complaint has been filed, pursuant to Practice Book § 141[3], and may be referred to in the determination of this motion. Redmond v. Matthies, 149 Conn. 423, 426,180 A.2d 39 (1962). There is no provision for attorneys fees in the agreement. "The agreement in this case fails within the `American rule' rather than any exception." Marsh, Day Calhoun v.Solomon, 204 Conn. 639, 653, 529 A.2d 702 (1987). No other exception to the rule ostensibly exists. For these reasons, the motion to strike is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court