RICHARD T. LARKE ET AL. *v.* GREGORY D. MORRISSEY ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, JS.

Argued March 8—decided May 31, 1967

*William L. Hadden, Jr.,* for the appellants (plaintiffs).

*Charles H. Fischer, Jr.,* with whom, on the brief, was *Herbert D. Fischer,* for the appellees (named defendant et al.).

*Thomas J. O'Sullivan,* for the appellees (defendant Kircaldie et al.).

*Ralph G. Murphy,* assistant attorney general, with whom, on the brief, were *Harold M. Mulvey,* attorney general, and *Walter T. Faulkner,* assistant attorney general, for the appellee (defendant state tax commissioner).

RYAN, J. This action is brought by the plaintiffs as members of the city council of the city of West Haven and as residents and taxpayers of the city of West Haven against the mayor of that city, the members of the West Haven board of finance, all the partners in Kircaldie, Randall and McNab, an accounting firm with a principal place of business in the city of New Haven, and John L. Sullivan, the tax commissioner of the state of Connecticut. The plaintiffs seek (1) a declaratory judgment determining whether the city council of West Haven is the budget-making authority of the city under the General Statutes and under the West Haven city charter; (2) a judgment declaring that the selection of the accounting firm of Kircaldie, Randall and McNab by the board of finance and the subsequent approval of that firm by the state tax commissioner was null and void; (3) an injunction restraining the accounting firm and certain of its members from performing or attempting to perform the duties of the independent public accountant for the city of West Haven for the fiscal year ending June 30, 1965; (4) an injunction restraining the tax commissioner from refusing to approve the accounting firm selected by the city council as the independent public accountant for the city of West Haven for the fiscal year ending June 30, 1965; and (5) other

equitable relief. Upon the trial, the court heard no oral testimony, and the case was submitted on the admitted portions of the pleadings and on an agreed statement of facts. No finding of facts is necessary where this course is adopted. *Postemski* v. *Watrous,* 151 Conn. 183, 184, 195 A.2d 425; *Gilman* v. *Joseloff,* 135 Conn. 595, 596, 67 A.2d 551. The court made a limited finding reciting its conclusions and the claims of law of the parties.

Some of the facts stipulated by the parties are not essential to a determination of this case and have been omitted. The essential facts are as follows: The town of West Haven was created by special act of the General Assembly in 1921 (18 Spec. Laws 1067, No. 482), and, pursuant to that act, the board of finance was constituted the budget-making authority. 19 Spec. Laws 704, No. 205. In 1957, the town of West Haven adopted the representative town meeting form of government, and the board of finance continued to be the budget-making authority. In 1961, the town adopted a mayor-council form of government with a city charter which became effective on January 2, 1962. Under the charter, the board of finance consists of six members in addition to the mayor, who acts as chairman. The fiscal year in West Haven runs from July 1 to June 30 of each year. At a meeting held on March 4, 1965, the board of finance, claiming to be the budget-making authority of the city of West Haven, and acting through its chairman, the named defendant as mayor, notified the state tax commissioner that it had selected the firm of Kircaldie, Randall and McNab as independent public accountants to audit the records of the city of West Haven for the fiscal year ending June 30, 1965. On March 22, 1965, the city council selected the inde-

pendent accounting firm of Hornstein, Multer and Carlson, of New Haven, to make the annual audit for the same year. On March 23, 1965, the city council, acting through its clerk, notified the tax commissioner of its selection of that accounting firm, but, because the tax commissioner had already approved the firm of Kircaldie, Randall and McNab on March 10, 1965, he advised the city council on April 21, 1965, that he would not approve the selection of Hornstein, Multer and Carlson. On the basis of the complaint, the answer, and the foregoing facts, the trial court denied the plaintiffs' claim for a declaratory judgment. The trial court also denied the claim for a permanent injunction on the ground that the plaintiffs had failed to sustain their burden of proving irreparable damage and a lack of an adequate remedy at law. The plaintiffs have appealed to this court from the judgment rendered.

The plaintiffs assign error in the court's refusal to render a declaratory judgment. In its memorandum of decision, the court denied the claim for a declaratory judgment on the ground that "this matter can be decided by another form of action." The court did not suggest what other form of action would be appropriate. "The court will not render declaratory judgments upon the complaint of any person: . . . (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure . . . ." Practice Book § 309. Our courts have a wide discretion in such matters. *Brewster* v. *Brewster,* 152 Conn. 228, 232, 206 A.2d 106; *Lipson* v. *Bennett,* 148 Conn. 385, 390, 171 A.2d 83; *Holt* v. *Wissinger,* 145 Conn. 106, 113, 139 A.2d 353; *Herald Publishing Co.* v. *Bill,* 142 Conn. 53, 58, 111 A.2d 4; *Con-*

*necticut Savings Bank* v. *First National Bank & Trust Co.,* 133 Conn. 403, 410, 51 A.2d 907.

The present case involves a construction of certain sections of the Municipal Auditing Act (General Statutes [Rev. to 1966] c. 111) and the pertinent sections of the West Haven city charter. The Municipal Auditing Act requires that municipalities such as the city of West Haven shall have their accounts audited at least once annually by an independent public accountant selected by the budget-making authority of the municipality and that the accountant selected shall be approved by the state tax commissioner. General Statutes (Rev. to 1966) § 7-392. Copies of the audit report are to be filed with the budget-making authority of the municipality, with the town or city clerk and with the tax commissioner. § 7-393. The report of the audit is to be included in the annual report of such municipality. § 7-394. The tax commissioner is required to review the audit report and, if evidence of fraud or embezzlement is found, report such information to the appropriate state's attorney. § 7-395. In the instant case, the parties are in dispute as to the appointment of an independent public accountant as a result of disagreement and uncertainty as to the meaning of "budget-making authority" as defined in § 7-391 of the General Statutes (Rev. to 1966) in relation to the provisions of the West Haven charter. In consequence of this, no audit of the accounts has been made for the fiscal year ending June 30, 1965. "The remedy by means of declaratory judgments is highly remedial and the statute and rules should be accorded a liberal construction to carry out the purposes underlying such judgments." *Sigal* v. *Wise,* 114 Conn. 297, 301, 158 A. 891; *Larkin* v. *Bontatibus,* 145 Conn. 570,

575, 145 A.2d 133. The determination of the questions presented is of considerable public importance. The trial court was in error in refusing to render a declaratory judgment. This conclusion would, in most instances, require that the case be remanded to the trial court, but in view of the fact that the parties have submitted the matter on an agreed statement of facts, we can consider the questions involved in the interest of avoiding further delay which would follow a remand to the trial court.

In their prayer for relief, the plaintiffs seek a declaratory judgment determining whether the West Haven city council is the budget-making authority of the city under the General Statutes and under the West Haven city charter. Section 7-396 of the General Statutes (Rev. to 1966) provides as follows: "The budget-making authority of any municipality shall file with the tax commissioner the name of the independent public accountant, designated to audit such municipality's records, at least ninety days before the end of the fiscal period of such municipality for which such audit is required. If any such budget-making authority fails to notify the commissioner of such designation before such ninety-day period, said commissioner may appoint an independent public accountant to audit such municipality's accounts for the preceding fiscal year, and the cost and expense of such audit or investigation shall be borne by such municipality." Section 7-391 contains the following definition: " '[B]udget-making authority,' as applied to towns, cities and boroughs, whether consolidated or unconsolidated, having boards of finance or other bodies or committees charged with preparing the budget,

whether created under the general statutes or by special acts, means the board of finance or such other body or committee; as applied to towns having neither boards of finance nor such other bodies or committees, means the board of selectmen; as applied to cities having neither boards of finance nor such other bodies or committees, means the mayor . . . ."

The plaintiffs urge that the budget-making authority in the city of West Haven is the city council. The named defendant and the defendant board of finance claim that it is the board of finance. The defendant tax commissioner claims that it is the board of finance with the mayor acting as chairman. An examination of the pertinent sections of the charter is required. The provisions concerning the budget are contained in chapter 26 of the charter, entitled "Budget".[1]

---

[1] The pertinent sections of chapter 26 of the West Haven charter (1961) are as follows:

"Section 1. *Departmental Estimates:* The Mayor shall compile estimates for the annual budget. The head of each department, office or agency of the City, including the Chairman of the Board of Education shall, not later than the first Thursday of March each year, file with the Mayor, on forms prescribed and provided by him, a detailed estimate of the expenditures to be made by his department or agency and the revenue other than tax revenues to be collected thereby in the ensuing year, and such other information as may be required by the Council or the Mayor.

"Section 2. *Board of Finance:* There shall be a Board of Finance of seven members, including the Mayor and six members appointed by the Mayor, for a term of three years. Of the six members appointed by the Mayor, no more than three members shall be members of the same political party. The Mayor shall serve as Chairman of the Board of Finance. Two members shall be appointed each year to serve for a term of three years on the first day of August. The function of the Board of Finance shall be: (1) to assist the Mayor in drafting the budget. In so doing, the Board of Finance may hold as many department, office or agency hearings as necessary; (2) to make recommendations to the Council on all actions, which include the appropriation of money; (3) to

The function of the city council is to hold public hearings regarding appropriations for the ensuing year, to review the budget estimates from the mayor and to cause a summary of the proposed budget to be published in a newspaper. It is empowered to increase or decrease any item in the mayor's budget by what amounts to a two-thirds vote of the membership, and it is required to fix the tax rate in mills when it adopts the budget. Upon the failure of the council to adopt a budget by the first Thursday in May, the budget shall be considered to have been finally adopted by the council, and the mayor, instead of the council, shall fix the tax rate. The general provisions concerning the city council are contained in chapter 4 of the charter, and its general powers are recited in § 5 of that chapter. An examination of these sections makes it obvious that the function of the council is

carry out such other duties as may be assigned by the Council, not inconsistent with the provisions of this Charter.

"Section 3. *Duties of the Mayor on the Budget:* Not later than the first Thursday of April, the Mayor shall present to the council a budget consisting of: (a) a budget message outlining the financial policy of the City and describing in connection therewith the important features of the budget plan; (b) estimates of revenue, presenting in parallel columns the itemized receipts collected in the last completed fiscal year, the receipts collected during the current fiscal year prior to the time of preparing the estimates, total receipts estimated to be collected during the current fiscal year, and estimates of the receipts, other than from the property tax, to be collected in the ensuing fiscal year; (c) itemized estimates of expenditures, presenting in parallel columns the actual expenditures for each department, office, agency or activity for the last completed fiscal year and for the current fiscal year prior to the time of preparing the estimates, total expenditures as estimated for the current fiscal year, the requests of the several departments, offices and agencies for the ensuing fiscal year and the Mayor's recommendations of the amounts to be appropriated for the ensuing fiscal year for all items, and such other information as may be required by the Council. The Mayor shall present reasons for all his recommendations. The Chairman of the Board of Education shall have the same duties

legislative. It is not the budget-making authority of the city of West Haven.

The provisions of chapter 26 indicate clearly that the function of the board of finance with reference to the budget is purely advisory. Its purpose is to assist the mayor, and it is a board of finance in name only. It has been stripped of the powers previously conferred upon it by the former charter of the town of West Haven, and these powers have been specifically delegated to the mayor.

To be the budget-making authority as defined in General Statutes § 7-391, it is required that the person or board must be "charged with preparing

and follow the same form and procedure with respect to the budget of the Board of Education as any other department.

"Section 4. *Duties of the Council on the Budget:* The Council shall hold one or more public hearings not later than the third Thursday of April, at which any elector or taxpayer may have an opportunity to be heard regarding appropriations for the ensuing fiscal year. Following receipt of the estimates from the Mayor, the Council shall cause sufficient copies of said estimates to be made available for general distribution in the office of the Town and City Clerk and, at least five days prior to the aforementioned public hearing, the Council shall cause to be published in a newspaper having circulation in the City, a notice of such public hearing and a summary of said proposed budget estimates showing anticipated revenues by major sources, and proposed expenditures by functions or departments in the same column form as prescribed for budget estimates in Section 3 of this Chapter; and shall also show the amount to be raised by taxation. The Council shall adopt a budget and file the same with the Town and City Clerk. Adoption of the budget shall be by a majority vote of the City Council. The Council may increase or decrease any item in the Mayor's budget by not less than nine affirmative votes. At the time when the Council shall approve the budget it shall also fix the tax rate in mills which shall be levied on the taxable property in the City for the ensuing fiscal year. Should the Council fail to adopt a budget by the First Thursday in May, the budget as transmitted by the Mayor to the City Council shall be deemed to have been finally adopted by said Council. The tax rate shall forthwith be fixed by the Mayor, and thereafter expenditures shall be made in accordance with the budget so adopted."

the budget." The verb "to charge" is defined in Webster's Third New International Dictionary as "to impose a particular duty or task on," that is, to instruct, command, order or enjoin. "Prepare" is defined as "to make up beforehand for some purpose; . . . to get ready beforehand; . . . to draw up." Webster, Third New International Dictionary. As to cities, the statute designates in the alternative (1) boards of finance or (2) other bodies or committees charged with preparing the budget. In the city of West Haven neither the board of finance nor any other board or committee is charged with preparing (as distinguished from adopting) the budget. The statute provides that when a city has no board of finance or other body or committee charged with preparing the budget, the budget-making authority shall be the mayor.

Chapter 4, § 10, of the charter provides as follows: "The Council shall annually designate an independent public accountant or firm of independent accountants to audit the books and accounts of the City as provided in the General Laws of the State of Connecticut." The charter was adopted in 1961 under the Home Rule Act (General Statutes, c. 99), subsequent to the adoption of the Municipal Auditing Act. General Statutes, c. 111. Because of this, the question arises as to what effect the later charter provision has with reference to the provisions of chapter 111. "Implied repeal of a general law by a subsequent private act is not favored, will not be assumed, and will not be held to take place unless there is such manifest repugnancy between the two that they cannot be reconciled and operate concurrently. . . . If the later act is silent as to repeal it will not be held to abrogate any prior law which can reasonably and

justly operate without antagonism to it, and with reference to established systems and policies it is presumed that there is no intention to affect them any further than the plain terms of the later act require." *Arsenal School District* v. *Hartford,* 120 Conn. 348, 363, 180 A. 511; *State ex rel. Pape* v. *Dunais,* 120 Conn. 562, 567, 181 A. 721. "It is an established principle that local charter powers must yield to the superior power of the state when the two enter a field of statewide concern." *Wallingford* v. *Board of Education,* 152 Conn. 568, 574, 210 A.2d 446. The provisions of General Statutes, chapter 111, must prevail over the provisions of chapter 4, § 10, of the West Haven charter.

It is our conclusion that the budget-making authority of the city of West Haven is the mayor. The city council had no authority to designate an independent public accountant to the tax commissioner. Neither the board of finance nor the board of finance with the mayor acting as chairman of the board had such authority. The action of the state tax commissioner on March 10, 1965, wherein he approved the firm of Kircaldie, Randall and McNab to audit the accounts of the city of West Haven, was an approval of the designation of that firm by the board of finance. Since the board of finance was not empowered to make a selection, the approval by the tax commissioner was invalid. General Statutes § 7-392. We are mindful of the provisions of § 7-396 wherein the tax commissioner is empowered to make an appointment himself upon the failure of the budget-making authority to notify the tax commissioner of its designation of an independent public accountant at least ninety days before the end of the fiscal year. The approval of the firm of Kircaldie, Randall and McNab was made

on March 10, 1965, more than ninety days prior to the end of the fiscal year but was not made in accordance with the provisions of §§ 7-392 and 7-396. We must conclude therefore that no valid appointment of an independent accountant was made. In view of this conclusion, it is unnecessary to consider the other prayers for relief.

There is error, the judgment is set aside and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion the other judges concurred.