KEVIN CANAVAN *v.* FRANK MESSINA ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 135736

Memorandum filed September 4, 1973

*Baldwin & Lieberman,* of New Haven, for the plaintiff.

*Lynch, Traub, Singewald, Keefe & Marlowe,* of New Haven, for the named defendant et al.

*Giaimo, McManus & Reilly,* of East Haven, for the defendant Viola et al.

*Robert K. Killian,* attorney general, and *Barney Lapp,* assistant attorney general, for the defendant Schaffer, secretary of state.

*Abbot B. Schwebel,* town counsel, for the defendant town of Vernon.

BERDON, J. This is an action brought by the plaintiff as an elector of the town of East Haven against the mayor of the town of East Haven, the Democratic registrar of voters, the town clerk, the chairman of the East Haven Democratic town committee, and Anthony Proto, candidate for mayor of the town endorsed by the East Haven Democratic town committee. The plaintiff seeks a declaratory judgment determining whether the charter provision of the town of East Haven which requires that the mayor "shall have reached his 28th birthday prior to his election" is valid.

The plaintiff is enrolled in the Democratic party and desires to be a candidate for the office of mayor. The plaintiff, twenty-two years of age, was born on March 3, 1951. Except for age, he is qualified in every respect to serve as mayor. The defendant Gloria Schaffer is the secretary of the state of Connecticut. She is, by virtue of her office, the commissioner of elections of the state. General Statutes § 9-3. In addition to her other duties as commissioner, she is charged with advising local election officials. § 9-4.[1]

The charter of the town of East Haven, effective January 1, 1972, was adopted pursuant to the Home Rule Act. General Statutes, c. 99. The charter in chapter 5, § 1, provides for the election and qualification of the mayor as follows: "At each Town election a Mayor shall be chosen by the electors of the Town. Such Mayor shall devote full time to the duties of his office, shall have reached his 28th birthday prior to his election, and shall serve for a term of two (2) years or until his successors shall be elected and qualified. He shall take office on the second (2nd) Saturday at twelve o'clock noon following the Town election. He shall be the chief executive officer of such town and shall receive such compensation as shall be fixed by the Town Council. He shall not be allowed to serve more than four (4) consecutive two (2) year terms."

In pursuit of the nomination from the Democratic party for mayor of East Haven, the plaintiff wishes to cause his name to be placed on a primary ballot. The Democratic registrar of voters is responsible for receiving the primary petition forms and certifying to them for candidates for mayor and other

---

[1] The secretary of state appeared in the matter through the attorney general but took no position on the merits of the action. Therefore references to the position and claims of the defendants do not include those of the secretary of state.

town officers. General Statutes § 9-406. The Democratic registrar of voters has sought and received the opinion of town counsel stating that the East Haven charter provision requiring the minimum age of twenty-eight is valid, and on the basis of that opinion intends to enforce the restriction against the plaintiff.

The court is faced with the central issues of determining the validity of the charter requirement that a mayor of the town of East Haven shall have reached his twenty-eighth birthday prior to his election and whether, if that provision is invalid, there is an age requirement.

The issues before the court are important not only for the plaintiff but also for the public. It must be remembered that from the establishment of this government following the Revolution, the people have been jealous of their political right to participate in the offices of government and the management of our public and political affairs. In these politically troubled times when the very foundation of our political governmental institutions is in peril, the determination of issues such as those presented in this matter demands an even greater sense of urgency. "The remedy by means of declaratory judgments is highly remedial and the statute and rules should be accorded a liberal construction to carry out the purposes underlying such judgments." *Sigal* v. *Wise,* 114 Conn. 297, 301; see *Larke* v. *Morrissey,* 155 Conn. 163, 168.

The jurisdiction of the court must, nevertheless, be properly invoked in order to protect all those who may have an interest in the subject matter and give them an opportunity to be heard. "Our declaratory judgment procedure was not intended to, nor could it, set aside the ordinary constitutional

requirements of due process of law." *Adams* v. *Rubinow*, 157 Conn. 150, 180. Section 309 of the Practice Book specifically provides: "The court will not render declaratory judgments upon the complaint of any person . . . unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." See *State ex rel. Kelman* v. *Schaffer*, 161 Conn. 522, 526. After a finding by the court that parties who may have an interest in the subject matter were too numerous to cite in as defendants and that to cite them in would impose an unreasonable burden on the plaintiff, the court granted a motion for order of notice. It is the finding of this court that by giving the ordered notice all those who may have an interest have been put on notice of the pendency of this action for a declaratory judgment and that the court has jurisdiction of the subject matter.

Turning to the substantive issues before the court, it must first be determined whether the town of East Haven had authority to adopt the charter requirement that the mayor shall have reached his twenty-eighth birthday prior to his election. The charter provision was adopted by the town of East Haven under the Home Rule Act. To determine the issue before the court, we are concerned with three sections of that act. General Statutes § 7-192a makes it clear that the municipalities are not empowered to adopt or amend charters which would affect voting rights and procedures. This statute clearly does not prohibit the town from adopting an age requirement for local elective officers. General Statutes § 7-193 requires that any charter adopted under the Home Rule Act shall provide for certain requirements which are basic and essential for all municipalities. Included under this section is the requirement that the charter provide for a chief executive

officer.[2] This statute does not specifically authorize the town to establish a minimum age requirement for the office of mayor or any other elective office. General Statutes § 7-194 enumerates fifty-eight specific powers which may be adopted by the town in its charter. Not one specific permissive power gives a town the authority to set an age qualification for mayor. The implied power clause contained in subsection (57) of § 7-194 specifically applies to the powers enumerated in that section.

It is established law that a municipality can exercise only such power as the state grants it. *New Haven Water Co.* v. *New Haven,* 152 Conn. 563, 566. In other words, in order to determine if in fact the town of East Haven had the power to adopt the minimum age requirement for its mayor, "we do not search for a statutory prohibition against such an enactment; rather, we must search for statutory authority for the enactment." *Avonside, Inc.* v. *Zoning & Planning Commission,* 153 Conn. 232, 236.

In *State ex rel. Barnard* v. *Ambrogio,* 162 Conn. 491, 497, the Supreme Court held that a town could not establish a civil service system under the Home Rule Act: "Section 7-194 of chapter 99 of the General Statutes, relied on by the plaintiff, provides that 'all towns . . . which adopt or amend a charter

---

[2] "Sec. 7-193. REQUIRED PROVISIONS. . . . (b) The town, city or borough shall have a chief executive officer, who may be one of the following: (1) The first selectman; (2) a chief administrative officer appointed by the board of selectmen; (3) a mayor elected by the electors of the town, city or borough; (4) a warden elected by the electors of the borough; (5) a town, city or borough manager appointed by the board of selectmen, the council, the board of directors, the board of aldermen or the board of burgesses; (6) a chief administrative officer appointed by the mayor. Any town, city or borough having a manager as its chief executive officer may also have a mayor who shall be the presiding officer of its legislative body, shall be the ceremonial head of such town, city or borough and shall have such other powers and duties as the charter prescribes. . . ."

under the provisions of this chapter shall have the following specific powers in addition to all powers granted to towns . . . under the constitution and general statutes.' The specific powers referred to are contained in . . . subsections to § 7-194. In analyzing all . . . subsections we find that there is no express reference whatsoever to a merit or civil service system. That the legislature went to the extent of precisely enumerating . . . specific powers without mentioning a civil service system indicates that it did not intend to grant the municipalities such a power by way of a charter adoption. 'An enumeration of powers in a statute is uniformly held to forbid the things not enumerated.' *State ex rel. Barlow* v. *Kaminsky,* 144 Conn. 612, 620 . . . ; *State ex rel. Morris* v. *Bulkeley,* 61 Conn. 287, 367 . . . ."

The defendants have taken the position that it is an inherent power of the town of East Haven to provide for a minimum age qualification in its charter. Political subdivisions do not have such inherent powers; their powers are specifically derived from the state. If the Home Rule Act is to be construed so as to authorize the town to establish an age requirement for the office of mayor, such a construction must be accomplished by implication, as there is admittedly no express grant for such a power. Such an implied power cannot be found by the court, especially in view of the state's action in establishing age qualifications for municipal elective officers, as discussed below. Furthermore, if the legislature intended to grant such a power, it could easily have said so.

The defendant relies on *Stothers* v. *Martini,* 6 N.J. 560, which holds that the state legislature has the power to prescribe qualifications for municipal officers. This court has no quarrel with the decision; it represents a state's exercise of its inherent powers

over the political subdivision. The instant case differs materially in that it is the subdivision which claims this inherent power.

It is the finding of the court that the Home Rule Act does not directly or by implication authorize the town to set age requirements for the office of mayor.

The court does find that the state has provided for a minimum age qualification for municipal elective officials, including mayors. The legislature has mandated that for one to qualify for election to a town office he must be an elector. Section 9-186 of the General Statutes provides: "Each elected town officer shall be an elector of the town in which he is elected to office . . . ." Prior to May 9, 1972, the legislature defined elector "to mean an elector or electors who have attained the age of twenty-one years, except where said term is used with reference to admission to, or exercise of, the privilege of voting in an election, or in a primary or caucus of a political party." General Statutes § 1-1c (later amended by Public Acts 1972, No. 263). Thus, it was clear that up to May 9, 1972, one had to be twenty-one years of age in order to be eligible for municipal elective office, including that of mayor. See Conn. Atty. Gen. Opinion, 33 Conn. L.J., No. 7, p. 7 (Aug. 17, 1971).

The 1972 legislature, by its adoption, effective May 9, 1972, of Public Act No. 263, entitled "An Act concerning the Age Qualification for Holding Municipal Office," changed the age requirement. The act amended § 1-1c and excepted municipal elective and appointive officers from the age requirement of twenty-one years for "electors."[3] Such an officer

---

[3] "Sec. 1-1c. 'ELECTOR' DEFINED. Whenever the term 'elector' or 'electors' occurs in the general statutes or in any special act, it shall be construed to mean an elector or electors who have attained the age of twenty-one years, except where said term is used with

becomes qualified by § 9-12, the statute which defines an elector for voting purposes as one who reaches the age of eighteen years.[4] It therefore follows that in order to be eligible for a municipal elective office, including that of mayor, an individual must be an elector in the town in which he is elected, and in order to be an elector for these purposes he must have reached the age of eighteen years.

Certainly the language in Public Acts 1972, No. 263, and the requirement of construing three statutes in order to determine the age qualification for elective municipal office are circuitous. Nevertheless, on a review of the title of Public Acts 1972, No. 263, and the excerpts from the senate and house proceedings of the legislature pertaining to that act, there is no question that it was the intent of the legislature to provide that one need be only eighteen to qualify for municipal elective and appointive office. The following excerpt from the senate proceedings best summarizes the representations made to both the senate and the house during its proceedings at the time it adopted Public Act No. 263: "Yes, Mr. President, this Bill clarifies that section of the law which defines electors and by clarifying it, it would permit those people between the ages of eighteen years and twenty one years of age, to run for elective, municipal offices, such as Board of Education, City or Town Council. In addition to that,

reference to admission to, or exercise of, the privilege of voting in an election, or in a primary or caucus of a political party and except where said term is used as a qualification for elective or appointive municipal office." (Public Acts 1972, No. 263.)

[4] "Sec. 9-12. WHO SHALL BE ADMITTED. Each citizen of the United States who has attained the age of eighteen years, who has resided in the town in which he applies for admission to the privileges of an elector . . . shall, on taking the oath prescribed by law, be an elector. No idiot or mentally ill person shall be admitted as an elector." (Public Acts 1972, No. 127 §10 [later amended by Public Acts 1973, No. 73-630 § 1].)

it would also permit their appointment to appointive offices of that type. It has nothing to do, however, with State offices which are apparently covered in our Connecticut State Constitution and that would require a Constitutional Amendment." 15 S. Proc., pt. 2, 1972 Sess., pp. 730–31.

It is the conclusion of this court that the Home Rule Act does not grant to any town which adopts a charter under its provisions any power or authority to establish age qualifications for municipal elective office, including that of mayor. It is also the conclusion of the court that eighteen years of age is the sole age qualification for elective municipal offices established by charters adopted under the Home Rule Act.

It therefore follows, and it is the judgment of this court, that (1) so much of § 1 of chapter 5 of the charter of the town of East Haven which reads "shall have reached his 28th birthday prior to his election" is void; (2) the only age requirement to qualify for mayor of the town of East Haven is that he must have reached his eighteenth birthday prior to his election; and (3) the plaintiff meets all the age requirements necessary to be elected mayor of the town of East Haven.