[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Peter H. Ertel, brings this action for declaratory judgment and other relief against the defendant commissioner of environmental protection. The subject of the action is the commissioner's final decision in an administrative proceeding ordering the plaintiff to dismantle a dock and other structures that the plaintiff constructed on his property and extending into the Connecticut river at Old Saybrook. On September 21, 1994, this court denied the defendant's motion to dismiss. On November 17, 1994, the defendant filed a second motion to dismiss, and it is this motion that is presently before the court.
The substance of the commissioner's argument is that the court has no subject matter jurisdiction over the declaratory judgment action because, pursuant to Practice Book § 390(c), CT Page 2420 "the court will not render declaratory judgments upon the complaint of any person: . . . where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure."
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Henry F. Raab Connecticut, Inc.v. J. W. Fisher Co., 183 Conn. 108, 112, 438 A.2d 834 (1981).
"A declaratory judgment action is a special statutory proceeding under General Statutes 52-59, implemented by Practice Book Section 388 et seq." Rhodes v. Hartford, 201 Conn. 89, 92,513 A.2d 124 (1986). In England v. Coventry, 183 Conn. 362,363-366, 439 A.2d 372 (1981), our Supreme Court examined the distinction between the court's jurisdiction and its discretion to entertain an action for declaratory judgment and held as follows:
 When all persons having an interest in the subject matter of the complaint are parties or have reasonable notice of the action; Practice Book 390 (d); Pinnix v. LaMorte, 182 Conn. 342, 343, 438 A.2d 102 (1980); the Superior Court has subject matter jurisdiction in any action or proceeding to declare rights and other legal relations on request for such a declaration whether or not further relief is or could be claimed. General Statutes 52-29. See Connecticut Life Health Ins. Guaranty Assn. v. Jackson, 173 Conn. 352, 358-60, 377 A.2d 1099 (1977). We have consistently construed this broad statutory grant of jurisdiction and the related Practice Book provisions liberally to serve their sound social purpose. Connecticut Savings Bank v. First National Bank Trust Co., 133 Conn. 403, 409, 51 A.2d 907 (1947). See Larke v. Morrissey, 155 Conn. 163, 167-68, 230 A.2d 562
(1967). Thus, the Superior Court has subject matter jurisdiction over suits for declaratory relief despite the adequacy of other legal remedies. Connecticut Life Health Ins. Guaranty Assn. v. Jackson, supra, 359-60; Connecticut Savings Bank v. First National Bank Trust Co., supra, 409 . . . Whether the court, despite its jurisdiction over the subject matter, could properly grant CT Page 2421 declaratory relief in this case is a distinct question, which is properly raised by a motion to strike. Connecticut Life Health Ins. Guaranty Assn. v. Jackson, supra, 360.
See also Aetna Casualty Surety Co. v. Jones, 220 Conn. 285,290-94, 596 A.2d 414 (1991). See also United States Fid Guar.v. Decilio, Superior Court, JD of Fairfield at Bridgeport, DN. 298501 (June 29, 1993) (Lager, J.), where the court held "390(c) is a rule of discretion, not jurisdiction, and the burden is on the defendant to show that the court cannot, in the exercise of its discretion, permit his declaratory judgment action to proceed." The court also noted that the appropriate vehicle for reaching the question of the court's discretion is the motion to strike.
Based on the authorities cited above, the court holds that it has subject matter jurisdiction in this case. Accordingly, the defendant's motion to dismiss is denied.