[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (#102 MOTION TO DISMISS)
Defendant, Commissioner of Environmental Protection, moves to dismiss, claiming the absence of subject matter jurisdiction.
The facts as they apply to this Motion to Dismiss are not in dispute. Plaintiffs, People's Rights in a Clean Environment (PRICE), are a non-profit organization organized under the laws of Connecticut. The defendant is Timothy Keeney, who is being sued in his capacity as the Commissioner of the Department of Environmental Protection (DEP). Plaintiffs' complaint alleges in part:
Three of the plaintiffs have standing due to the fact that they own property that abuts the subject property of this action. Six other members of the group have standing because they reside in the neighborhood surrounding the subject property and are taxpayers of the town of Canterbury. The subject properties to this action are the Yaworski solid waste disposal site, the Yaworski Recycling Facility, and the Yaworski landfill, all located in Canterbury. Members of PRICE have notified the DEP several times over the past few years of several violations relative to solid waste disposal and recycling operations that have occurred at the three Yaworski sites. The violations include: emitting noxious odors, commencing operations prior to the permitted start time in the morning, maintaining excessive and intrusive noise, expanding solid waste piles to levels in excess of the permitted levels, failing to keep the gas recovery system from emitting noxious odors and emissions, disseminating airborne dust, scattering dirt and litter, failing to maintain proper cover over the solid waste on site, pooling standing water on waste piles, and allowing the presence of rats and other vermin. These violations constitute violations of state statute, permits, or DEP consent orders issued by the DEP. Despite receiving notice of the violations, the DEP has refused to enforce the conditions of permits issued to the Yaworskis by the DEP and has failed to issue cease and desist orders to remedy these statutory violations. The DEP's failure to act is in violation of General Statutes § 22a-15, which entitles all citizens to the protection, enhancement, and preservation of the public trust in air, water, and natural resources of the state.
PRICE asks the court to issue a declaratory judgment that CT Page 2574 violations of the orders exist and to issue an order compelling the Commissioner to issue cease and desist orders as necessary to stop the violations occurring in the operation of the three Yaworski sites.
Defendant (DEP), filed a motion to dismiss the complaint on the following grounds; First, DEP claims that the statute on which PRICE relies does not allow PRICE to bring a private action against the commissioner to force him to exercise his discretionary duties; Second, PRICE has failed to exhaust all administrative remedies; Finally, DEP claims that PRICE has not made all persons with an interest in the lawsuit a party to the lawsuit as is required by Practice Book § 390(d).
PRICE argues that the court has jurisdiction to issue a declaratory judgment and for that reason, the motion to dismiss should be denied. PRICE cites General Statutes § 4-176 as authority for this proposition.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624 n. 4 (1983). "A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiffs cannot as a matter of law and fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991).
"Whenever the absence of jurisdiction is brought to the notice of the court . . . it must be taken and the matter passed upon before it can move one further step in the cause." Baldwin Pianoand Organ v. Blake, 186 Conn. 295, 297, 441 A.2d 443 (1982). "When ruling on a motion to dismiss, the trial court is required to view the evidence in the light most favorable to the plaintiff and to draw every reasonable inference in his favor . . . . Whether a prima facie case has been made out is a question of law for the court. If, after reviewing the evidence in the light most favorable to the plaintiff, the court cannot reasonably find the essential issues on the complaint in his favor, a judgment of dismissal is appropriate." Gulycz v. Stop Shop Cos.,29 Conn. App. 519, 523, 615 A.2d 1087 (1992). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided on that alone." Barde v. Board ofTrustees, 207 Conn. 59, 62 (1988).
DEP advances three arguments in support of its motion to CT Page 2575 dismiss. First, it argues that the Environmental Protection Act does not create a private cause of action for anyone seeking relief against the DEP. It cites Middletown v. Hartford ElectricLight Co., 192 Conn. 591, 473 A.2d 787 (1984), as authority for the proposition that the "Environmental Protection Act was not `intended . . . to create private causes of action to supplement the pervasive regulatory powers of the DEP over environmental licenses.'" Id., pg. 596. DEP argues that because the statute does not allow one to bring a private cause of action against it, the motion to dismiss should be granted.
Second, DEP claims that PRICE has failed to exhaust all of its available remedies, such as intervening in previous administrative proceedings or taking timely appeals from agency decisions to the Superior Court. DEP argues that all of the claims made by PRICE were addressed at DEP hearings before permits were issued. Additionally, DEP contends that PRICE could have appealed these decisions pursuant to General Statutes §4-183. DEP claims that intervening in the agency proceedings or appealing from agency decisions are the only remedies available to PRICE. Finally, DEP states that the action should have been dismissed because all parties with an interest in the action have not been given reasonable notice pursuant to Practice Book § 390(d).
In response, PRICE maintains that DEP misunderstands the essence of its complaint. PRICE asserts that it is not seeking a review of "substantive agency decisions", it is only seeking an order of enforcement. PRICE further argues that nothing in the Environmental Protection Act prevents it from bringing this action.
Additionally, PRICE states that it has not failed to exhaust its administrative remedies; General Statutes § 4-176 permits the plaintiffs to seek a declaratory ruling from the Superior Court.
Finally, PRICE contends that the motion should not be granted on the basis of DEP's argument that all parties with an interest in the action have not been notified of the action. PRICE citesDawson v. Farr, 227 Conn. 780, 632 A.2d 41 (1991), as authority for its argument that the action should not be dismissed, but that the court should order the plaintiffs to provide the additional notice as required. PRICE notes that it has provided Yaworski, Inc., the owner of the subject facilities, with a copy CT Page 2576 of the complaint by certified mail.
Declaratory judgment proceedings are appropriate for determining the validity of the regulations of an administrative agency. Young v. Chase, 18 Conn. App. 85, 91, 557 A.2d 134
(1989). "[D]eclaratory judgment proceedings are appropriate for determining jurisdictional issues or questions concerning the validity of the regulations of an administrative agency, while questions concerning the correctness of an agency's decision in a particular case or of the sufficiency of the evidence can properly be resolved only by appeal." Aaron v. ConservationCommission, 178 Conn. 173, 177-178, 422 A.2d 290 (1979), quotingHartford Electric Light Co. v. Water Resources Commission,162 Conn. 89, 105, 291 A.2d 721 (1971). One fundamental rule is that a declaratory judgment cannot be used as a substitute for an appeal. Tucker v. Board of Education, 190 Conn. 748, 754,462 A.2d 385 (1983).
The Environmental Protection Act is contained in General Statutes §§ 22a-14 through 22a-20. "The purpose of the DEP is `to give private citizens a voice in ensuring that the air, water and other natural resources of the state remain protected, preserved and enhanced, and to provide them with `an adequate remedy to protect the air, water and other natural resources from unreasonable pollution, impairment or destruction.' General Statutes 22a-15.'" (Citations omitted.), Red Hill Coalition v.Conservation Commission, 212 Conn. 710, 715, 563 A.2d 1339
(1989). "It . . . allows a member of the general public to intervene in an existing judicial review of an agency action or to initiate an independent declaratory or injunctive action."Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 44,526 A.2d 1329 (1987). "The legislative history of the Environmental Protection Act makes it clear that the only relief available to the intervenor in such actions is an injunction or a declaratory judgment." Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 44,526 A.2d 1329 (1987). "It is clear that one basic purpose of the act is to give persons standing to bring actions to protect the environment." Red Hill Coalition v. Town Plan Zoning Comm.,212 Conn. 727, 734, 563 A.2d 1347 (1989).
"A declaratory judgment action is a special statutory proceeding under General Statutes 52-59, implemented by Practice Book Section 388 et seq." Rhodes v. Hartford, 201 Conn. 89, 92,513 A.2d 124 (1986). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to CT Page 2577 which the proceedings in question belong." Henry F. RaabConnecticut. Inc. v. J. W. Fisher Co., 183 Conn. 108, 112,438 A.2d 834 (1981).
 When all persons having an interest in the subject matter of the complaint are parties or have reasonable notice of the action; Practice Book 390 (d); Pinnix v. LaMorte, 182 Conn. 342, 343, 438 A.2d 102 (1980); the Superior Court has subject matter jurisdiction in any action or proceeding to declare rights and other legal relations on request for such a declaration whether or not further relief is or could be claimed. General Statutes 52-29. See Connecticut Life Health Ins. Guaranty Assn. v. Jackson, 173 Conn. 352, 358-60, 377 A.2d 1099 (1977). We have consistently construed this broad statutory grant of jurisdiction and the related Practice Book provisions liberally to serve their sound social purpose. Connecticut Savings Bank v. First National Bank Trust Co., 133 Conn. 403, 409, 51 A.2d 907 (1947). See Larke v. Morrissey, 155 Conn. 163, 167-68, 230 A.2d 562
(1967). Thus, the Superior Court has subject matter jurisdiction over suits for declaratory relief despite the adequacy of other legal remedies. Connecticut Life Health Ins. Guaranty Assn. v. Jackson, supra, 359-60; Connecticut Savings Bank v. First National Bank Trust Co., supra, 409 . . . Whether the court, despite its jurisdiction over the subject matter, could properly grant declaratory relief in this case is a distinct question, which is properly raised by a motion to strike. Connecticut Life Health Ins. Guaranty Assn. v. Jackson, supra, 360.
England v. Coventry, 183 Conn. 362, 363-366, 439 A.2d 372 (1981). See also Aetna Casualty Surety Co. v. Jones, 220 Conn. 285,290-94, 596 A.2d 414 (1991). "Thus, 390(c) is a rule of discretion, not jurisdiction, and the burden is on the defendant to show that the court cannot, in the exercise of its discretion, permit his declaratory judgment action to proceed." United StatesFid. Guar. v. Decilio, Superior Court, Judicial District of Fairfield at Bridgeport, No. 298501 (Jun. 29, 1993, Lager, J.).
Defendant has not met that burden. Therefore, defendant's CT Page 2578 Motion to Dismiss is denied.
Schimelman, J.