[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This declaratory judgment action involves a dispute between the parties regarding the propriety of the City of Waterbury's (Waterbury) diversion of water from the Shepaug River. Seeking the resolution of issues regarding the supply of potable water from its reservoir system, the City of Waterbury, on July 21, 1997, filed a declaratory judgment action against the Town of Washington, the Town of Roxbury, the Shepaug River Association, Inc., the Steep Rock Association, Inc. and the Roxbury Land Trust, Inc. On August 8, 1997, the defendants collectively filed a motion to strike the present action, or alternatively to transfer and consolidate it with an action commenced by the defendants and pending in the Judicial District of Litchfield.
Waterbury alleges the following pertinent facts in its complaint: Waterbury owns, maintains and operates a public water supply reservoir, transmission and filtration system. Complaint ¶ 1. Waterbury provides potable water from its system to the City of Waterbury, the towns of Watertown, Middlebury, and Wolcott, as well as the Watertown Fire District, the Hillcrest Fire District, the Connecticut Water Company and the Connecticut Light and Power. Id.
On May 3, 1921, Waterbury and the Town of Washington (Washington) entered into an agreement which allowed Waterbury to divert water from the West Branch of the Shepaug River. Pursuant to this agreement, Waterbury agreed to maintain a flow of at least 1.5 million gallons of water in each twenty-four hour period in the West Branch of the Shepaug every year from May 1 to November 1. (Complaint, ¶ 10). Waterbury also agreed it would not divert water from the West Branch of the Shepaug River when the corresponding reservoirs were full, and Waterbury would only divert water necessary to supply Waterbury's consumers and to maintain the storage in its potable water supply reservoirs. (Complaint, ¶¶ 11, 12). Finally, Waterbury agreed that water would only be diverted from the West Branch of the Shepaug for use of the inhabitants of Waterbury, Washington, Litchfield, Thomaston, Watertown and the Village of Platts Mills. (Complaint, ¶ 13).
On June 14, 1921, the Connecticut General Assembly passed CT Page 4482 Special Act 391. Special Act 391 authorized Waterbury to contract with any municipality, borough or fire district, through which or contiguous to which the water supply mains of Waterbury are or shall be laid, to supply water for domestic purposes and fire protection. (Compliant, ¶ 15). Pursuant to this legislation and the agreement with Washington, Waterbury constructed a public water supply system and contracted to provide water to other municipalities and entities, such as Middlebury, Watertown, Wolcott, Watertown Fire District, the Hillcrest Fire District, and the Connecticut Water Company. (Complaint, ¶¶ 16 18).
Waterbury's declaratory judgment action requests the court to determine the following: 1) Waterbury did not breach the 1921 Agreement between Waterbury and Washington, or alternatively, Waterbury has not materially breached the 1921 Agreement between Waterbury and Washington; 2) Waterbury has not impaired the public trust; and, 3) Waterbury's conduct does not constitute a public nuisance, private nuisance or violation of any existing riparian rights.
On July 22, 1997, the Town of Washington, Town of Roxbury, Steep Rock Association, Inc., Roxbury Land Trust, Inc., Shepaug River Association, Inc., Edwin Matthews, Patricia Matthews, Victoria Chess, and Bernard Hoffmann filed a five-count complaint against Waterbury in the judicial district of Litchfield (Litchfield action). Count one claims that Waterbury violated General Statutes § 22a-14 et seq. Count two alleges that Waterbury intentionally caused a public nuisance. Count three alleges that Waterbury caused an absolute private nuisance. Count four alleges that Waterbury interfered with the riparian rights of Washington, the Town of Roxbury, the Steep Rock Association, Inc., the Roxbury Land Trust, Inc., Edwin and Patricia Matthews, Victoria Chess and Bernard Hoffmann. Count five alleges that Waterbury breached its 1921 agreement with Washington.
The Litchfield action seek the following relief: 1) a permanent injunction prohibiting Waterbury from any further unreasonable diversion of waters of the Shepaug River, 2) a declaratory judgment that the defendant's actions violate General Statutes § 22a-14 et seq. and must be stopped to protect one of the State's public resources, the Shepaug River, 3) a permanent injunction prohibiting further breaches by Waterbury of the May 2, 1921 contract with Washington, 4) attorney's fees CT Page 4483 pursuant to General Statutes § 22a-14, 5) compensatory damages, 6) punitive damages, 7) costs and interest, and, 8) such other and further relief as may seem proper under the circumstances.
Discussion
 A. Motion to Strike:
"The purpose of a declaratory judgment action . . . is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties. . . . The provision [of Practice Book § 390] that there must be an issue in dispute or an uncertainty of legal relations which requires settlement between the parties means no more than that there must appear a sufficient practical need for the determination of the matter. . . ." (Citations omitted; internal quotations omitted.) Bombero v.Planning Zoning Commission, 40 Conn. App. 75, 78-79,669 A.2d 598 (1996). Practice Book § 390(c) is "a rule of discretion, not jurisdiction, and the burden is on the defendant to show that the court cannot, in its discretion, permit his declaratory judgment action to proceed." United States Fidelityand Guaranty Insurance Co. v. Decilio, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 29850 (June 29, 1993, Lager, J.) (8 CSCR 766). The determination of "whether a court should grant declaratory relief is properly decided by a motion to strike." Aetna Casualty Surety Co. v. Jones,220 Conn. 285, 293, 596 A.2d 413 (1991).
Washington moves to strike Waterbury's declaratory judgment action pursuant to Practice Book § 390(c), on the ground that there is another available form of redress, that is, the pending Litchfield action. Washington contends that the Litchfield action may provide Waterbury the same redress as the declaratory judgment action, and, therefore, Waterbury's complaint should be stricken. (Washington's Reply Brief, p. 12). According to Washington, the public and private nuisance and riparian rights claims of all defendants and other landowners not currently parties to either action should not be resolved by a declaratory judgment because a factual investigation would be needed to resolve each landowner's unique claim. (Washington's reply brief, p. 11). Finally, Washington argues that Waterbury's declaratory judgment action regarding § 22a-16 claims would not protect the city from future litigation because § 22a-16 gives the citizens of Connecticut the right to enjoin Waterbury from CT Page 4484 continuing impairment of the Shepaug River.
Waterbury counters that the pending Litchfieid action against Waterbury will not provide as effective or as complete a remedy to Waterbury as this declaratory judgment action. Waterbury contends that this declaratory judgment action is superior because all relevant issues can be determined at one time and all parties and individuals with notice of the action will be bound by the judgment. Thus, Waterbury argues that the declaratory judgment action is the only means to avoid repetitious litigation. (Waterbury's sur-reply brief, p. 6). Waterbury also seeks to invoke the trial court's broad discretion to entertain declaratory judgment actions that involve issues of great public importance, notwithstanding alterative forms of redress. (Waterbury's sur-reply brief, p. 7).
Practice Book § 390 states in pertinent part, "[t]he court will not render declaratory judgments . . . (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure." Practice Book § 390 (c) "Section 390(c) of the Practice Book allows the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. . . . Therefore a successful motion to strike an action for a declaratory judgment upon the ground of available alternative means of redress, . . . [the defendant] must show that the court could not in the exercise of sound discretion permit the action to proceed. . . ." (Citations omitted.) England v. Coventry, 183 Conn. 362,365, 439 A.2d 372 (1981).
"To deny declaratory relief on the ground of the existence of other remedies, it must appear that the asserted remedies are not only available but that they are speedy and adequate and as appropriate as the requested relief." Aaron v. ConservationCommission, 178 Conn. 173, 179, 422 A.2d 290 (1979).
Currently, the court does not have enough facts before it to determine which persons' riparian rights are in issue in Waterbury's declaratory judgment action. Thus, Waterbury's action may involve more individuals' riparian rights than the collective plaintiffs' riparian rights in the Litchfield action. Therefore, at this juncture the court cannot make a finding that the relief sought in the Litchfield action will provide "a speedy remedy as effective, convenient, appropriate and CT Page 4485 complete" as Waterbury's requested relief is that the court determine that Waterbury's actions are not violating any existing riparian rights. Further facts could develop at trial which would affect the exercise of the court's discretion.Compare, Glens Falls Ins. Co. v. Somers, 146 Conn. 708, 714,156 A.2d 146 (1959). (Supreme Court affirmed trial court's grant of defendant's demurrer to a declaratory judgment complaint).[1]
Moreover, it is not an abuse of the court's discretion to consider a declaratory judgment action when it involves matters of considerable public importance. In Textron Inc. v. Wood,167 Conn. 334, 355 A.2d 307 (1974), the Supreme Court held that the trial court did not abuse its discretion by entertaining Textron Inc.'s declaratory judgment, despite the existence of alternative remedies.[2] The Court stated that "[w]hatever alternative remedies may have been available to the plaintiff at the time of the commencement of this action, its prayer for relief raised . . . a question far-reaching in its implications and of fundamental importance to the people of this state. The court acted well within its discretion when it entertained this action for a declaratory judgment involving issues of `considerable public importance,' despite the purported availability of other remedial procedures." Textron, Inc. v. Wood, supra,167 Conn. 344, quoting Larke v. Morrissey, 155 Conn. 163, 169,230 A.2d 562 (1967).
In the present case Waterbury's declaratory judgment complaint demonstrates that Waterbury's ability to provide potable drinking water to its citizens and neighboring communities will be affected if the court determines that Waterbury has breached the 1921 agreement with Washington, and/or that Waterbury's actions have infringed on the riparian rights of others. (Complaint, ¶¶ 19-28.) The court agrees with Waterbury that its ability to provide potable drinking water to Waterbury's citizens and adjacent communities is a matter of considerable public importance. The court, therefore, will exercise it's discretion and entertain Waterbury's declaratory judgment action. Accordingly, Washington's motion to strike is hereby denied.
B. Motion to Transfer and Consolidate:
Washington moves in the alternative to consolidate and transfer Waterbury's declaratory judgment action with Washington's CT Page 4486 Litchfield action. Washington and Waterbury agree that Waterbury's declaratory judgment action and the Litchfield action should be consolidated. The parties disagree, however, as to where the consolidated case should be heard. Washington claims that the case should proceed in the judicial district of Litchfield because it is the only forum in which the interests of all the parties in both actions can be addressed. Waterbury, however, objects to its declaratory judgment action being transferred to Litchfield because the declaratory judgment action was filed first.
It is clear from the parties' complaints and the issues involved that the present case will entail complex litigation requiring the utilization of extensive resources, not only by the litigants, but by the courts as well. Therefore, this court, after consultation with the Chief Administrative Judge for the Civil Division, will refer the matter of consolidation and transfer to him for decision.
Conclusion
Based upon the foregoing, the defendants' motion to strike Waterbury's declaratory judgment action is hereby denied. The defendants' motion to consolidate and transfer the Waterbury action to the Litchfield judicial district is referred to the Chief Administrative Judge for the Civil Division. Accordingly, the parties are instructed to contact him forthwith so that he can schedule whatever proceedings he deems necessary.
Dated at Waterbury, Connecticut this 14th day of April, 1998.
BY THE COURT, ESPINOSA, J.